## MATTHEWS, ADMX., v. VANDERVOORT.

*Summons—Service upon infant and later upon parents—Juris-
diction of minor acquired, when.*

Where a summons is served upon an infant, and, thereafter,
a new summons with a later answer day is served upon
the parents, the combined service is sufficient to confer
jurisdiction over the person of the minor.

(Decided November 12, 1923.)

ERROR: Court of Appeals for Greene county.

Mr. *Charles L. Darlington* and Mr. *Frank L.
Johnson,* for plaintiff in error.
Mr. *L. T. Marshall,* for defendant in error.

ALLREAD, J. This action was brought against,
and summons issued and served upon, the defend-
ant, Louis Vandervoort, as an adult. Vandervoort
appeared by counsel and moved to quash and set
aside the service upon the ground that he was a
minor and the service not made as provided in
Section 11291, General Code. Following the filing
of this motion, an alias or supplementary summons
was issued against B. B. Vandervoort and Mrs.
B. B. Vandervoort, as father and mother of Louis
Vandervoort, a minor. Subsequently a guardian
*ad litem* was appointed, the motion to quash was
sustained, and the guardian *ad litem* filed an an-
swer. The court vacated the former entry sus-
taining the motion to quash upon the ground that
the entry had been made upon the basis of an
agreement to enter the defendant's appearance,
and the court was of opinion that entry of ap-

pearance could not lawfully be made. The case
then came on to be heard upon the motion to quash
he service, and the motion was sustained, to which
the plaintiff excepted. Error is prosecuted to this
court.

The question, therefore, is whether summons and
service solely upon the minor may, before any
action is taken by the court prejudicial to the
minor, be supplemented and amended by a service
upon the father and mother.

This is a new question in this state, and no
direct authority has been found elsewhere. Tra-
cing the history of service upon minors, we find
that originally service upon minors over fourteen
years of age could be made as upon adults. In
1902 the statute was so amended as to require
the service of summons upon all minors to be made
not only upon the minor but upon the guardian,
parent, or other party with whom the minor re-
sides. We think that notice to the minor is the
dominant purpose of the statute. The notice to
the guardian, parents, etc., was supplementary,
and intended to promote the interests of the minor.
This statute should be construed with a view of
promoting the reason and spirit thereof, and not
with over-technical nicety. Where the service is
upon the minor alone, and where the court has
taken no action prejudicial to the minor, we see
no reason to prevent the plaintiff from supple-
menting the defective service on the minor alone
by a proper notice to the guardian or parents,
as the case may be:

The case of *Paulin* v. *Sparrow,* 91 Ohio St., 279,
does not reach the question here, as it involves
merely an amendment to support a valid service,

The case of *Kalb, Gdn.,* v. *German Savings & Loan Society,* 25 Wash., 349, although not directly in point, shows liberality in the construction of a similar statute in that state in respect to service on minors. A summons was issued against the minor and another one isued against the father and mother. Both were issued concurrently and served contemporaneously. Nevertheless the court upheld the issuing of the two summonses as a substantial conformity with the statute. In this case the summonses were not issued contemporaneously, but the rule day for answer in the summons against the father and mother conforms to the statute for original service and allows them ample time to protect the interests of their minor son. The fact that the rule day for answer was extended by the latter summons in no way prejudiced the minor defendant, as the court took no action in the meantime against him.

We cannot escape the conclusion that the original summons against the minor, and the supplementary summons against the father and mother, and the service thereon, conferred personal jurisdiction of the minor upon the court, and that the quashing of the service was erroneous.

Judgment reversed and cause remanded with instructions to overrule the motion to quash the service.

*Judgment reversed, and cause remanded.*

KUNKLE and FERNEDING, JJ., concur.