## GEORGE L RACKLE & SONS CO v WESTERN & SOUTHERN INDEM CO

Ohio Appeals, 1st Dist, Hamilton Co

No 5053. Decided July 6, 1936

Wm. J. Rielly, Cincinnati, and Howell, Roberts & Duncan, Columbus, for appellee.

Vorys, Sater, Seymour & Pease, Columbus, and Merland, O'Meara, Santen & Willging, Cincinnati, for appellant.

## OPINION

By ROSS, PJ.

Appeal on questions of law from the Court of Common Pleas of Hamilton County.

Suit was filed by appellee against the appellant in the Common Pleas Court of Cuyahoga County to recover upon a contractor's statutory bond for materials furnished in the construction of a power house for the State Hospital for the Insane in Hamilton County, Ohio. Motion to quash service of summons was made and sustained and the petition dismissed. A similar suit was again filed in the Court of Common Pleas of Cuyahoga County, and dismissed under authority of **Western & Southern Indemnity Co. v Chicago Title & Trust Co. et, 128 Oh St, 422.**

The instant action was then commenced in Hamilton County more than one year after the acceptance of the building. An answer was filed setting up the limitations provided for in §2316, **GC.** A reply was filed and the case heard upon an agreed statement of facts setting out the facts noted. Judgment was for appellee.

It is claimed, however, that the savings provisions of §11233, **GC,** are operative to extend the time sufficiently to include the present action.

It has, however, been suggested that no action in a true sense was ever brought because the Cuyahoga County Court of Common Pleas had no jurisdiction of the subject-matter of the action or jurisdiction over the persons of the defendants, because under the provisions of §2316, **GC,** the suit may only be brought where the material is furnished. Indemnity Co. v Chicago Title & Trust Co., supra.

The argument is that no action therefore having been properly initiated, there can be no recourse to §11233, **GC.** This contention is refuted in **P. C. C. & St. L.**

Ry. Co. v Bemis, 64 Oh St, 26, the syllabus of which is as follows:

"A party brought, within proper time, suit for false imprisonment in the United States Circuit Court for the Southern District of Ohio against two corporations. one a resident of the state of New York and the other a resident of Ohio. The Ohio corporation answered to the merits. The New York corporation demurred to the petition for that the same did not state facts sufficient to constitute a cause of action, which was sustained and judgment given for that company against the plaintiff. The Ohio corporation then, by amended answer, pleaded that the court was without jurisdiction for the reason that there is no controversy between the citizens of different states. The cause was then heard on the motion of defendant to dismiss, which was sustained and the cause dismissed on the ground that the court had no jurisdiction over the parties or subject matter. HELD: That the proceeding was the commencement of an action, within the meaning of §4991, Revised Statutes; that the plaintiff failed otherwise than upon the merits, and is entitled to commence a new action within one year from such date, although, under §4983, Revised Statutes, his action would be barred."

Proceeding then to the next objection to the application of the provisions of §11233, GC, it becomes necessary to distinguish between statutes creating a cause of action unknown to the common law and in their terms limiting the very existence of the right to a specific period and statutes of limitations which apply to the remedy as distinguished from the right.

The right of action created by §2316, GC, and considered in §2365-3, GC, is purely statutory. United States ex ▪▪ ▪ Portland Cement Co. v McCord, 233 U. S., 157. Southern Surety Co. v Schmidt et, 117 Oh St, 28, 42. Indemnity Co. v Chicago Title & Trust Co., 128 Oh St. 422.

In Errett, Guardian v Howert, 78 Oh St, 109, the court. at page 112. states:

" 'A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made an essence of the right created and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action what-

ever independent of the limitation. A lapse of the statutory period operates therefore, to extinguish the right altogether.' 19 Am. & Eng. Ency. Law (2 ed.) 150. See also Chinn v Trustees, 32 Oh St, 236; Columbus, Springfield & Cincinnati Railroad Co. v Mowatt, 35 Oh St, 284; Fisher v Tuller, 122 Ind., 31; Bartlett et v Manor et, 146 Ind.. 621. 624-629."

In 25 Ohio Jur. 426, it is stated:
"The limitations, contained in the Code of Civil Procedure, as to the time of commencing civil actions are applicable as a bar only to suits comprehended within the civil action of the Code.

"A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made of the essence of the right created, and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. A lapse of the statutory period operates, therefore, to extinguish the right altogether. The chapter fixing the limitation of actions has no application to proceedings that have special limitations, except where it specifically provides therefor."

See also: Shinn v New York, Chicago & St. Louis Ry. Co., 24 Oh Ap, 113, (4 Abs 496), and Wade v Franklin et, Receivers, 51 Oh Ap, 318, (17 Abs 498).

It will be noted also that §11218, GC, is selected as a foundation for the position taken by the court in Errett v Howert, supra. This section, formerly §4976, Revised Statutes, provides:

"A civil action, unless a different limitation is prescribed by statute, can be commenced only within the period prescribed in this chapter. When interposed by proper plea by a party to an action mentioned in this chapter, lapse of time shall be a bar thereto as herein provided."

It is apparent that "a different limitation is prescribed" by the limitation found in §2316, GC. §11233, GC, is found in the chapter covering generally "Limitations of Actions." It applies only to actions not otherwise definitely limited by periods affecting the right of action.

There are statutes creating a new special statutory right of action in which the extending provisions of §11233 GC are defi-

nitely preserved. Such an act is that applying to a cause of action for wrongful death.

Sec 10509-169. GC, provides:

"In every such action for wrongful death commenced or attempted to be commenced within the time herein specified, if a judgment for the plaintiff be reversed, or if the plaintiff fail, otherwise than upon the merits, and the time limited herein for the commencement of such acton has at the date of such reversal, or failure, expired, the plaintiff, or if he die and the cause of action survive, his representative, may commence a new action within one year after such date."

The legislature obviously realized the necessity of incorporating this provision in order to extend to a plaintiff the assistance provided for in §11233, GC.

It is clear that the court in Meisse v McCoy's Admr., 17 Oh St, 225, did not have presented to it the distinction here recognized. B. & O. Rd. v Fulton, Admr., 59 Oh St, 575.

It is our conclusion, therefore, that the provisions of §11233, GC, are not applicable, and that the judgment of the Court of Common Pleas of Hamilton County must be reversed and judgment entered here for the appellant.

MATTHEWS and HAMILTON, JJ, concur.