## McCAMPBELL v SOUTHARD

Ohio Appeals, 9th Dist, Lorain Co

No 859. Decided Dec 3, 1937

J. W. DeCumbe, Cleveland, G. C. Hafley, Cleveland, and A. M. Keep, Lorain, for appellant.

J. Harold Read, Cleveland, for appellee.

## OPINION

By DOYLE, J.

This is an appeal on questions of law from the Court of Common Pleas of Lorain county.

It appears from the face of the petition filed in the lower court that the appellant, the plaintiff therein, was a member of the Avon Lake village fire department, and that, in the evening of February 13, 1935, he was acting within the scope of his employment as such fireman, in attendance at a fire in the village of Avon Lake. A part of his work on this night consisted in directing traffic, on one of the thoroughfares running through the village, in the vicinity of the fire.

While the appellant was thus engaged, the appellee drove his automobile easterly upon the said thoroughfare in such a manner as to cause it to strike a plank which had been placed on the highway for the purpose of protecting a fire hose. The impact of the automobile with the plank caused the said plank to strike the appellant, and, as a result thereof, he was injured. Various charges of negligence were made.

The petition further charged, and I quote: "that at the time, and place, the cause of action hereinafter set forth occurred, the defendant, whose identity was unknown to plaintiff, falsely, fraudulently, and unlawfully, with intent to deceive plaintiff, represented to plaintiff that his name was C. W. Southard; that plaintiff, believing and relying upon said representation, was thereby induced, in commencing suit to collect his claim against the defendant, to designate him as C. W. Southard, defendant; that summons in said action, No. 38,394 in this court, was served by leaving a copy thereof with all endorsements thereon at the usual place of residence of C. W. Southard, which was also the usual place of residence of the defendant herein; that at the trial of said action on the 16th of March, 1937, it appeared that C. W. Southard was not the true name of the defendant herein, but was in fact the name of his son; whereupon on motion of C. W. Southard the court directed a verdict in favor of the said C. W. Southard and against the plaintiff, otherwise than on the merits of the cause of action set forth in the petition, which was the same cause of action herein set forth. That by reason of the foregoing facts the defendant unlawfully concealed himself from the plaintiff from the date said cause of action occurred until March 16, 1937."

This petition was filed on the 3rd day of May, 1937, and on the same day summons was issued. On the 7th day of May it was served. On the 29th day of May the appellee filed a demurrer to the petition, stating therein that the action was not brought within two years after the cause of action arose, as provided in §11224-1 GC. Subsequently the trial court sustained the demurrer and dismissed the action, after

the appellee had elected not to plead further.

The appellant charges the following errors of the trial court:

"First: The Court of Common Pleas erred in sustaining the defendant's demurrer to plaintiff's petition.

"Second: The judgment of the Court of Common Pleas is contrary to law."

A consideration of this case necessarily involves the distinction between pure statutes of limitation and special statutory limitations qualifying a given right. "In the latter instance time is made an essence of the right created and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. A lapse of the statutory period operates therefore, to extinguish the right altogether."

19 Am. & Eng. Ency. Law (2 ed.) 150, quoted in **Errett , Gdn. v Howert, 78 Oh St 109.** See also—**Shinn v N. Y., C. & St. L. Ry. Co., 24 Oh Ap. 113. 4 Abs 596.** Rackle & Sons Co. v W. & S. Indemnity Co., 54 Oh Ap 274. 22 Abs 502; 6 N. E. (2d) 1007. 25 O. Jur. Limitation of Actions, §5

The instant case presents only the application of the "ordinary" or "pure" statute of limitations, which limits the remedy only, to an action ex delicto.

It is generally held that if the defendant has been guilty of fraud by knowingly making false representations to the plaintiff and thereby causing him to allow the statutory period to run, he may be estopped from asserting the statute of limitations as a bar. This rule applies to actions ex delicto as well as ex contractu.

17 R. C. L., Limitation of Actions, §243. 77 A. L. R. 1044, Annotation.

Statutes of limitation, limiting the remedy, are enacted to prevent frauds. Their purpose is "to prevent parties from asserting rights after the lapse of time has destroyed or impaired evidence which would show that such rights never existed, or had been satisfied, transferred, or extinguished, if they ever did exist."

To hold in this case that the appellee, in violation of the provisions of §12606 GC, could tell appellant a deliberate falsehood concerning one of the matters contained therein, and thereby directly prevent the appellant from starting his action within the period of limitations, and then rely upon the statute as a bar to appellant's action, would make the law which was designed to prevent fraud a means of perpetrating it.

Sec 12606 GC provides:

"In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person so driving or operating such motor vehicle, and having knowledge of such accident or collision, shall stop and upon request of the person injured or any person, give such person his name and address and in addition thereto if not the owner, the name and address of the owner of such motor vehicle, together with the registered number of such motor vehicle.

"Any person who violates the provisions of this section shall be deemed guilty of a misdemeanor and upon conviction thereof, shall be fined not more than two hundred dollars or imprisoned in the county jail or workhouse not more than six months, or both."

This court is of the opinion that the claimed fraudulent, unlawful conduct of the appellee pleaded in the petition is sufficient to estop the appellee from asserting the statute of limitations. The petition therefore was not demurrable.

The judgment of the Court of Common Pleas is reversed and the cause remanded.

STEVENS, PJ, and WASHBURN, J, concur.