MOTHERSHED, APPELLANT, v. ROBINSON, APPELLEE.

[Cite as Mothershed v. Robinson (1969),
22 Ohio App. 2d 21.]

(No. 1316—Decided January 27, 1969.)

*Mr. John R. Moser,* for appellant.
*Mr. Paul A. Baden,* for appellee.

SHANNON, J. This is an appeal on questions of law from an order of the Court of Common Pleas of Butler County granting a motion to quash service of summons and dismissing a petition.

On September 14, 1962, plaintiff, appellant herein, sustained personal injuries when an automobile in which she was a passenger was struck by another when stationary at a traffic signal light.

On November 26, 1963, her petition was filed naming Margaret E. Robinson as the defendant. Personal service was had upon Margaret E. Robinson on the following day, November 27, 1963.

On January 31, 1964, an answer to the petition was filed by the defendant, through counsel, which admitted that she collided with the vehicle in which plaintiff was a passenger but, further, disclaimed knowledge of the al-

leged injuries. The remainder of the answer constitutes a general denial.

Thereafter, the case was set for trial but was continued on the docket. However, on February 11, 1965, slightly more than one year after the case was at issue, the defendant filed her motion to quash the service of summons. This motion rests upon a failure to comply with Section 2703.-13, Revised Code, in that defendant was a minor at the time of the collision and also upon the date of filing of the petition but was served with summons in the manner an adult would have been served. It is to be noted that the motion was filed approximately five months after the defendant reached the age of twenty-one years and after the expiration of the period set forth in the statute of limitations.

Thereafter, counsel for plaintiff filed an affidavit setting forth, in essence, that an adjuster for defendant's insurer had informed him during the course of negotiations to compromise the claim prior to the filing of the petition and thereafter that the defendant was a person known to counsel to be more than fifty years of age.

The court below, upon motion, struck such affidavit from the files, presumably upon the ground that such was not germane to the issues.

On August 16, 1968, defendant's motion to quash the service of summons was granted and the petition dismissed.

Plaintiff assigns two errors: the court's decision is contrary to law, and the proceedings were irregular and prejudicial to her rights.

Defendant, appellee herein, asserts that *Juhasz* v. *Corson, Jr.*, 171 Ohio St. 218, and *Bobo* v. *Bell*, 171 Ohio St. 311, are complete authority for the disposition of the motion to quash made by the court below.

Both *Juhasz, supra,* and *Bobo, supra,* were decided in 1960, prior to the enactment of Section 2703.131, effective November 1, 1965, to augment Section 2703.13, Revised Code. Current law, then, permits service upon a minor in an action arising out of, or by reason of, the operation of a motor vehicle by a minor to be made in the manner pro-

vided for service upon an adult and obviates service upon the person named in Section 2703.13, Revised Code.

Such action by the Legislature reflects a consciousness of the injustice possible under facts as in the case at bar.

However, the cases referred to above are distinguishable in that they did not contain the suggestion of misrepresentation leading to incomplete service confronting us.

In our minds the thought is uppermost that notice to the minor that he is being sued is primary and that Section 2703.13, which undoubtedly controls in the case here, is intended only to promote the interests of the minor by requiring notice also to be given to his guardian, father, mother or person having care of him or with whom he lives. See 28 Ohio Jurisprudence 2d 607, Infants, at Process, Section 63, and cases there annotated. That is, statutory requirement that process against a minor be served on a parent, guardian or other designated person is to bring to the attention of someone presumed to be interested in the protection of the minor's rights the fact of the institution and pendency of the action against him. 92 A. L. R. 2d 1338, Process Against Minor—Service, Section 2.

We are in harmony with the spirit of *Matthews* v. *Vandervoort*, 18 Ohio App. 174, wherein the court stated, at page 175:

"* * * Where the service is upon the minor alone, and where the court has taken no action prejudicial to the minor, we see no reason to prevent the plaintiff from supplementing the defective service on the minor alone by a proper notice to the guardian or parents, as the case may be."

Certainly, in the case before us the minor defendant knew she was being sued because she was served personally. The record shows that no action prejudicial to her was taken. We feel that to dismiss the action against her where the tort alleged may rest upon the violation of a statute which constitutes negligence per se is a denouement not contemplated in a system where justice is administered upon the fundament that an aggrieved shall have his day in court.

In *McCampbell* v. *Southard*, 62 Ohio App. 339, Judge Doyle wrote an absorbing dissertation on the distinction between pure and special statutes of limitation. The syllabus of that case declares:

"The driver of an automobile which causes an injury to another on a public highway, who, in violation of Section 12606, General Code, gives to the injured person the name of another instead of his own name, and thereby causes the injured person to institute suit against the wrong person, as a result of which the identity of the person driving said automobile is not learned by the injured person until the statute of limitations for the bringing of such action has expired, is estopped from asserting the statute of limitations as a defense in a subsequent action brought against him."

Here, the affidavit of counsel with its addendum, in our opinion, presents a matter appropriate for full inquiry by the court and is germane to the issues. The action of the court in striking the affidavit without considering the same in the light of law we have suggested was prejudicial to the plaintiff's rights.

We refrain from further comment upon those assertions set forth in the affidavit except that, if substantiated, an avenue of relief to prevent manifest injustice may be afforded. We fail to see how the defendant could be prejudiced under the circumstances by permitting service to be had upon her anew as an adult, thus affording what justice demands, to wit, a plenary hearing upon the merits of the case.

Therefore, the order of the Court of Common Pleas striking the affidavit from the files, granting the motion to quash service of summons and dismissing the petition is set aside and held for naught and the cause remanded for further proceedings in accordance with this opinion and the law.

*Judgment accordingly.*

LONG, P. J., and HILDEBRANT, J., concur.