[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On May 28, 1996, plaintiffs-appellants Suzanne Osborne, Norman Griffin, and Thomas Downs filed suit against their former employer, defendant-appellee AK Steel/Armco Steel Company, in federal district court asserting claims for employment discrimination under federal and state law. On December 2, 1998, the district court granted AK Steel summary judgment on appellants' federal claim, dismissing it with prejudice. Further, the court dismissed appellants' state-law claim without prejudice.
On December 2, 1999, appellants refiled their state-law claim in the Hamilton County Common Pleas Court. The complaint alleged that AK Steel's discharge of them on November 30, 1995, constituted age discrimination in violation of R.C. 4112.02(A) and R.C. 4112.99. Thereafter, AK Steel filed a motion to dismiss the complaint under Civ.R. 12(B)(6). AK Steel argued that appellants' complaint was barred by the statute of limitations. Alternatively, AK Steel moved for summary judgment on appellants' claim. On March 30, 2000, the trial court granted AK Steel's motion to dismiss, concluding that, because the savings statute was inapplicable to appellants' claim, their complaint was filed outside the one-hundred-eighty-day statute of limitation for the claim. Moreover, the trial court noted that AK Steel had demonstrated that it was entitled to summary judgment. This appeal followed.
In their two assignments of error, appellants contend that the trial court erred in (1) granting AK Steel's motion to dismiss and, (2) granting AK Steel's motion for summary judgment. Because our resolution of the first assignment of error is dispositive of the entire appeal, we do not address the second assignment.
Appellants contend, in their first assignment of error, that the trial court erred in dismissing their complaint as untimely based on the conclusion that R.C. 2305.19, Ohio's saving statute, was inapplicable to their claim for age discrimination.
Appellants concede that their claim, filed more than four years after their respective terminations, was untimely if R.C. 2305.19
is not applied to "save" it. R.C. 2305.19 provides:
 In an action commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * *
Appellants argue that the saving statute was applicable to their claim because, at the time their action was dismissed without prejudice by the federal district court, the statute of limitations applicable to their claim had expired. R.C. 2305.19, however, must be considered conjunction with R.C. 2305.03, which provides:
 A civil action, unless a different limitation is prescribed by statute, can be commenced only within the period prescribed in Sections 2305.03 to 2305.22, inclusive, of the Revised Code. * * * (Emphasis added.)
Courts have consistently read R.C. 2305.03 as prohibiting the invocation of the saving statute to extend a limitation period where a plaintiff's cause of action is based on a statute that (1) creates a right unknown at common law, and (2) contains its own statute of limitation.[1]
Here, appellants' complaint alleged age discrimination in violation of R.C. 4112.02(A) and R.C. 4112.99. Appellants do not dispute that an action for age discrimination did not exist at common law. They contend, however, that R.C. 2305.03 is inapplicable to their claim because neither R.C. 4112.02(A) nor R.C.4112.99 contain its own statute of limitation.
At the time of appellants' discharge, R.C. 4112.02(A) provided that:
 It shall be an unlawful discriminatory practice * * * [f]or any employer, because of the race, color, religion, sex, national origin, handicap, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment. (Emphasis added.)
And, R.C. 4112.99 provided that:
Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief.
Although it is true that neither of these sections contains a statute of limitation qualifying appellants' right of action, another section of the same statute, R.C. 4122.02(N), did contain such a provision. It provided:
 An aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred and eighty days after the alleged unlawful discriminatory practice occurred, in any court with jurisdiction for any legal or equitable relief that will effectuate the individuals' rights. * * *
Appellants acknowledge this provision, but contend that because it was separate from R.C. 4112.99, it did not qualify their right of action under that section for the purposes of determining the applicability of the saving statute. We disagree. In Bellian v. Bicron,[2] the Ohio Supreme Court, applying traditional rules of statutory interpretation, concluded that the statute of limitation included in R.C. 4112.02(N) was applicable to claims brought under R.C. 4112.99.
Appellants' claim, therefore, was based on a statute that contained its own statute of limitation. Given this, appellants were not entitled to invoke R.C. 2305.19 to "save" their untimely complaint and the trial court's dismissal of the complaint was proper. The first assignment of error is overruled and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] See Crandall v. Irwin (1942), 139 Ohio St. 253, 39 N.E.2d 608;Powell v. Timken Co. (Mar. 17, 1997), Stark App. No. CA00062, unreported; Castrovinci v. Castrovinci (1952), 93 Ohio App. 133,112 N.E.2d 53; Rackle Sons Co. v. Western Southern Indemnity Co.
(1936), 54 Ohio App. 274, 6 N.E.2d 1007; Hopkins v. United Parcel Serv.,Inc. (May 18, 1999), Ohio Com. Pl. No. A 99-00860, unreported; Alakiotisv. Lancione (1966), 12 Ohio Misc. 257, 232 N.E.2d 663.
[2] (1994), 69 Ohio St.3d 517, 634 N.E.2d 608, syllabus.