870 A.2d 1222

**David RHEA, et al.**

v.

**Allen E. BURT, et al.**

**No. 2078, Sept. Term, 2003.**

Court of Special Appeals of Maryland.

April 1, 2005.

Richard Jaklitsch, Upper Marlboro, for appellant.

Daniel J. Moore, Towson, for appellee.

Panel MURPHY, C.J., ADKINS, SHARER, JJ.

MURPHY, C.J.

This appeal from the Circuit Court for Calvert County arises out of an automobile accident that occurred on November 2, 1999. On October 10, 2002, David Rhea and Valerie Rupert, appellants, filed a Complaint in which they asserted personal injury and property damage claims against appellee Allen E. Burt (Mr. Burt). In the first two paragraphs of their Complaint, appellants alleged that they "were the occupants of a vehicle stopped at a red traffic signal on Routes 2 and 4 near

Plum Point Road in Calvert County, Maryland [when] a vehicle driven by [appellee] Allen E. Burt . . . rear-ended the vehicle occupied by the [appellants]." In an ANSWER filed on November 14, 2002, Mr. Burt stated "THAT HE DID NOT COMMIT THE WRONGS ALLEGED."

On April 29, 2003, Mr. Burt filed a MOTION FOR SUMMARY JUDGMENT that, in pertinent part, stated:

4. The defendant Burt was not operating the vehicle at the time of this accident;

5. That defendant Burt's father-in-law Robert R. Wurtz (hereinafter "Wurtz") was operating Burt's vehicle at the time of the accident;

6. That Wurtz was operating Burt's vehicle for his own personal purposes with the express permission of defendant Burt;

9. That the undisputed material facts establish that, at the time of the occurrence, Wurtz was performing no work, business or any other activity on behalf of his son-in-law, Burt. These undisputed material facts clearly establish Burt's entitlement to summary judgment because Burt was not the operator of the vehicle and no agency relationship existed between Burt and Wurtz at the time of the occurrence. Rather, the undisputed material facts establish that Wurtz's use of the vehicle at the time of the occurrence was solely personal and not for the benefit of Burt. For these reasons, Burt is entitled to summary judgment.

On May 16, 2003, the appellants filed an OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT that, in pertinent part, stated:

3. At the scene of this crash, the driver, who was unknown to the Plaintiffs, identified himself . . . as Allen E. Burt, and at no time was it disclosed to either Plaintiff that the driver of the car which caused this crash was alleged to have been anyone other than Allen Burt until the Answers to Interrogatories were received by the Plaintiffs in this case.

On June 5, 2003, appellants filed an AMENDED COMPLAINT that asserted a cause of action against appellee Diane W. Burt, the Personal Representative of the Estate of Robert R. Wurtz. Count III of the amended complaint, in pertinent part, asserted:

11. The Defendant, Allen E. Burt, has alleged in Answers to Interrogatories filed in April of 2003 that he was not the driver of the vehicle at the time of the occurrence alleged in Plaintiffs' Complaint, and that the driver of his vehicle was actually Robert R. Wurtz.

12. Counsel for the Defendant Burt has also advised that Robert R. Wurtz has passed away and that his daughter, Diane W. Burt, is the personal representative of the Estate of Robert R. Wurtz.

13. If the Defendant, Allen E. Burt, is to be believed, the negligence of the Defendant, Robert R. Wurtz was the proximate cause of the accident, and said Defendant Wurtz negligent [sic] failed to yield the right-of-way, negligently failed to keep proper control of his vehicle, negligently failed to keep a proper look-out for other vehicle, negligently operated his vehicle at a speed too great for the conditions existing, and was otherwise careless and negligent, thereby rear-ending the motor vehicle occupied by the Plaintiffs.

On September 8, 2003, "the Estate of Robert R. Wurtz" filed a MOTION TO DISMISS THE AMENDED COMPLAINT, and a MEMORANDUM in support thereof that, in pertinent part, stated:

The Plaintiffs have alleged in the Amended Complaint that they were involved in an automobile accident on November 2, 1999, involving a vehicle being driven by David Rhea, and a vehicle either being driven by Allen E. Burt or, in the alternative, by the late Robert R. Wurtz. Defendant Burt filed a motion for summary judgment in this case stating under oath that he was not the driver of the vehicle in question on the day of the accident, but that his father-in-law, the deceased Mr. Wurtz, was in fact the driver. There-

after, the Plaintiff amended the Complaint in order to implead the Estate of Robert R. Wurtz as a Defendant.

\* \* \*

[T]he Plaintiffs suggest through the allegations of their Complaint that the statute of limitation [sic] ought not to serve as a bar to the Amended Complaint because they did not know until February of 2003 with the receipt of Answers to Interrogatories that the driver of the other vehicle was the late Mr. Wurtz. However, under Maryland law, once an individual knows or should have known of a wrong or injury, that individual has the obligation to investigate all aspects of all potential claims that can arise out of the wrong or harm and act within three years or forever be barred. A failure to name the actual tortfeasor as a defendant will not, under Maryland law, toll the running of the statute of limitations.

\* \* \*

The allegations as set forth in the Plaintiffs' Amended Complaint evidence a simple and uncontroverted fact; namely, that the Estate of Robert R. Wurtz was impleaded by way of an Amended Complaint more than three years after the Plaintiffs knew that they had been injured or harmed in an automobile accident. Setting [forth] a new claim against a new Defendant after the statute of limitations has run does not relate back to the original filing as a matter of law.

At the conclusion of an October 16, 2003 motions hearing, the circuit court (1) granted Mr. Burt's motion for summary judgment, and (2) granted the estate's motion to dismiss. For the reasons that follow, we shall vacate both of those rulings and remand for further proceedings not inconsistent with this opinion.

## I.

If Mr. Wurtz were still alive, he would not be entitled to summary judgment on the ground that appellants' claims against him are barred by the statute of limitations. We agree with those courts that have held that "one who gives

false identification [at the scene of] an automobile accident and thereby causes delay in the commencement of suit is estopped from pleading the statute of limitations as a defense." See, e.g. *Talley v. Piersen,* 33 F.R.D. 2, 4 (E.D.Pa.1963), and cases cited therein.

The person driving Mr. Burt's automobile at the time of the accident was required to comply with § 20–104 of the Maryland Vehicle Law, which, in pertinent part, provides:

(b) *Duty to give certain information.*—The driver of each vehicle involved in an accident ... shall give his name, his address, and the registration number of the vehicle, he is driving and, on request, exhibit his license to drive, if it is available, to:

(1) Any person injured in the accident; and

(2) The driver, occupant of, or person attending any vehicle or other property damaged in the accident.

Section 20–104(b) is nearly identical to § 12606 of the Ohio General Code, discussed in *McCampbell v. Southard,* 62 Ohio App. 339, 23 N.E.2d 954 (1937), wherein the Court of Appeals of Ohio reversed the dismissal of a personal injury action arising out of an automobile accident following which the allegedly negligent driver falsely identified himself as his son. The case was dismissed by the Court of Common Pleas of Lorain County on the grounds that (1) within the period of limitations, the appellant sued the son of the person who should have been sued, and (2) the statute of limitations had expired by the time that the appellant sued the person who had been driving the automobile when the accident occurred. Reversing the trial court, the Court of Appeals stated:

It is generally held that if the defendant has been guilty of fraud by knowingly making false representation to the plaintiff and thereby causing him to allow the statutory period to run, he may be estopped from asserting the statute of limitations as a bar. This rule applies to actions ex delicto as well as ex contractu. 17 Ruling Case Law, Limitation of Actions, Section 243; 77 A.L.R. 1044, annotation.

Statutes of limitation, limiting the remedy, are enacted to prevent frauds. Their purpose is to prevent parties from asserting rights after the lapse of time has destroyed or impaired the evidence which would show that such rights never existed, or had been satisfied, transferred, or extinguished, if they ever did exist.

To hold in this case that the appellee, in violation of the provisions of Section 12606, General Code, could tell appellant a deliberate falsehood concerning one of the matters contained therein, and thereby directly prevent the appellant from starting his action within the period of limitations, and then rely upon the statute as a bar to appellant's action, would make the law which was designed to prevent fraud a means of perpetrating it.

＊    ＊    ＊

This court is of the opinion that the claimed fraudulent, unlawful conduct of the appellee pleaded in the petition is sufficient to estop the appellee from asserting the statute of limitations.

*Id.* at 341–42, 23 N.E.2d 954.

We agree with that analysis, which is entirely consistent with § 5–203 of the Courts and Judicial Proceedings Article of the Maryland Code, "a statutory exception that halts the running of the statute of limitations." *Morris v. Osmose Wood Preserving,* 99 Md.App. 646, 663, 639 A.2d 147 (1994), *aff'd in part and rev'd in part on other grounds,* 340 Md. 519, 667 A.2d 624 (1995). "Whether appellants' failure to discover their cause of action [against the estate of Mr. Wurtz] was due to lack of diligence, or to ... concealment of the alleged wrong, is a question for the trier of fact." *Morris,* 99 Md.App. at 664, 639 A.2d 147.

According to the appellees, because the Maryland Dead Man's Statute prohibits appellants from testifying to anything that Mr. Wurtz said to them after the accident,[1] appellants are

---

1. The Dead Man's Statute, § 9–116 of the Courts and Judicial Proceedings Article of the Md.Code, provides:

**458**

unable to produce evidence that Mr. Wurtz identified himself as Mr. Burt. The record does not support this argument.

## II.

At the conclusion of the motions hearing, the circuit court delivered an on-the-record opinion in which it concluded "that the deadman [sic] statute precludes testimony ... of what a decedent said, unless that testimony has been given already ... in the same proceeding, ... or unless [the testimony about what the decedent said is received from a witness who is] called to testify by the [decedent's estate] ..." That conclusion, although not inaccurate, is incomplete. It is true that the Dead Man's Statute protects the decedent's estate by prohibiting the surviving *adverse* party from testifying *at trial* (with respect to facts that could only be contradicted, or corroborated, by the deceased), but that statute does not "seal the lips" of a non-party witness. Nor does that statute restrict any surviving party's right to conduct appropriate pretrial discovery. *Clark v. Strasburg*, 79 Md.App. 406, 412, 556 A.2d 1167 (1989), *rev'd on other grounds, Strasburg v. Clark*, 319 Md. 583, 573 A.2d 1339 (1990).

The record includes a PRETRIAL STATEMENT filed by Mr. Burt that contains the following information:

2. Documents and Records to be Offered in Evidence by the Defendant at the Time of Trial:

B. Any and all documents including expense vouchers, calendars, day planners, etc. evidencing the location, schedule, and itinerary of Mr. Burt at the time of the accident.

---

A party to a proceeding by or against a personal representative, heir, devisee, distributee, or legatee as such, in which a judgment or decree may be rendered for or against them, or by or against an incompetent person, may not testify concerning any transaction with or statement made by the dead or incompetent person, personally or through an agent since dead, unless called to testify by the opposite party, or unless the testimony of the dead or incompetent person has been given already in evidence in the same proceeding concerning the same transaction or statement.

3. Witnesses:

1. Allen E. Burt, fact witness, 10 minutes.

2. Mrs. Burt, fact witness, 10 minutes.

3. Mr. Wurtz's assistant, fact witness, 10 minutes.

If it turns out that appellants' claims against Mr. Wurtz's estate should not be dismissed as barred by the statute of limitations, the Dead Man's Statute would not operate to exclude conversations between Mr. Wurtz and any of the persons mentioned in Mr. Burt's pretrial statement.[2] Appellants are therefore entitled to (1) take the deposition of each person mentioned in that pretrial statement, and (2) disclosure of the identity of every other person with whom Mr. Wurtz discussed the accident. Because appellants were not afforded the opportunity to exercise their procedural rights to pretrial discovery, Mr. Burt was not entitled to a summary judgment in his favor,[3] and the Estate of Mr. Wurtz was not entitled to a dismissal.

Appellants are also entitled to undertake discovery on the issue of whether actions of others,[4] including but not limited to employees of Mr. Burt's liability insurance carrier, were "of such a character as to conceal [the fact that Mr. Wurtz was driving Mr. Burt's automobile at the time of the accident], whereby [appellants remained] in ignorance without any lack of diligence on [their] part." *Morris, supra,* 99

---

2. As both appellees are represented by the same counsel, there is apparently no "adverse" relationship between them at this point in the proceedings.

3. As appellants noted in their opposition to Mr. Burt's motion for summary judgment, "the driver [of Mr. Burt's vehicle], who was unknown to the [appellants], identified himself ... as Allen E. Burt." Under these circumstances, appellants were entitled to take Mr. Burt's deposition before a dispositive pretrial judgment was entered in his favor.

4. Our conclusions that (1) the judgments at issue must be vacated as premature, and (2) appellants are entitled to additional discovery, should not be misinterpreted as a criticism of the litigation strategy employed by the appellees' counsel.

Md.App. at 663–64, 639 A.2d 147. We recognize the probability that discovery relating to the CJ 5–203 issue will require judicial involvement in the litigation of "privilege" issues, e.g. appellants' right to discovery of whatever statements Mr. Wurtz made to agents of Mr. Burt's liability carrier and of other documents that appellees claim are protected from discovery by the "work product" privilege.[5] Although this Court does not issue advisory opinions, and shall not direct that a yet-to-arise discovery dispute be resolved in a particular way, we emphasize that the Maryland discovery rules

> are broad and comprehensive in scope, and were deliberately designed so to be. . . . If all of the parties have knowledge of all of the relevant, pertinent and non-privileged facts, or the knowledge of the existence or whereabouts of such facts, the parties should be able properly to prepare their claims and defenses, thereby advancing the sound and expeditious administration of justice. In order to accomplish the above purposes, the discovery rules are to be liberally construed.

*Balto. Transit v. Mezzanotti,* 227 Md. 8, 13, 174 A.2d 768 (1961).

### Conclusion

We are not holding that, after all appropriate discovery has been completed, (1) Mr. Burt will *not* be entitled to summary judgment, and/or (2) the estate of Mr. Wurtz will *not* be entitled to a dismissal. We are persuaded, however, that appellants must be given the opportunity to exercise their procedural rights to discover the existence of evidence that

---

5. Under Md. Rule 2–402(d), "[f]act work product can only be discovered when 'substantial need' and 'undue hardship' are shown, [while] opinion work product is almost always completely protected from disclosure." *E.I. du Pont de Nemours & Co. v. Forma–Pack, Inc.,* 351 Md. 396, 408, 718 A.2d 1129 (1998). If the appellees are able to establish that a particular document was prepared in anticipation of litigation, "the burden then shifts to [appellants] to demonstrate [that they have] 'substantial need' [for the document in their preparation for trial, and that they are unable without] 'undue hardship' [to obtain the substantial equivalent of the document by other means.]" *Id.* at 412, 718 A.2d 1129.

will result in a trial on the merits of the negligence action(s) they have asserted as a result of their November 2, 1999 auto accident.

**JUDGMENT VACATED; CASE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION; EACH APPELLEE TO PAY 50% OF THE COSTS.**