BELLIAN, APPELLANT, *v.* BICRON CORPORATION, APPELLEE.

[Cite as *Bellian v. Bicron Corp.* (1994), 69 Ohio St.3d 517.]

(No. 93–354—Submitted February 23, 1994—Decided June 29, 1994.)

*Thrasher, Dinsmore & Dolan, Lawrence J. Dolan* and *Paul T. Murphy,* for appellant.

*Spieth, Bell, McCurdy & Newell Co., L.P.A., Nancy A. Shaw, Bruce G. Hearey* and *Debra L. Kackley; Petersen, Ibold & Wantz* and *Jerry Petersen,* for appellee.

*Louis A. Jacobs; Spater, Gittes, Schulte & Kolman* and *Frederick M. Gittes,* urging reversal for *amicus curiae,* Ohio Employment Lawyers Association.

FRANCIS E. SWEENEY, SR., J. The issue before this court is whether the trial court properly granted summary judgment in favor of appellee on the grounds that: (1) appellant's claim is barred because he did not file his age discrimination

claim within the one-hundred-eighty-day statute of limitations period set forth in R.C. 4112.02(N), and (2) no genuine issue of material fact exists to prevent summary judgment on appellant's claim. For the following reasons, we find that summary judgment was proper on both grounds and accordingly affirm the judgment of the court of appeals.

Initially, we address the finding that appellant's age discrimination claim was barred because he did not file the claim within the one-hundred-eighty-day statute of limitations period set forth in R.C. 4112.02(N). We agree.

Appellant states that his cause of action for age discrimination was brought under R.C. Chapter 4112 and specifically pursuant to R.C. 4112.99. He failed, however, to file his claim within the one-hundred-eighty-day statute of limitations period set forth in R.C. 4112.02(N). Appellant argues that he need not comply with the express limitations period prescribed by R.C. 4112.02(N) as his claim was brought under the more general discrimination provision of R.C. 4112.99 which does not contain a limitations period. Consequently, appellant insists that the six-year statute of limitations set forth in R.C. 2305.07 must be applied to claims filed under R.C. 4112.99. Thus, since his claim was filed within six years of the last alleged discriminatory act, appellant alleges his claim is not barred.

In *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 136, 573 N.E.2d 1056, 1057, we stated that R.C. 4112.99 creates an independent civil action to remedy any form of discrimination identified in R.C. Chapter 4112. This court also recognized that there may be instances where R.C. 4112.99 would conflict with other more specific provisions of R.C. Chapter 4112. In those instances, we stated, "existing rules of statutory construction are available to address" the conflicts. *Id.* at 137, 573 N.E.2d at 1058.

Applying the rule of statutory construction, R.C. 1.51, to conflicts between general and specific statutes, we have held that where there is no manifest legislative intent that the general provision prevail over the specific provision, the specific provision applies. *State v. Chippendale* (1990), 52 Ohio St.3d 118, 556 N.E.2d 1134. Here, R.C. 4112.99 is the more general statute. Consequently, R.C. 4112.99 prevails over R.C. 4112.02(N) only if there is a clear manifestation of legislative intent. Since the General Assembly has not shown such an intent, the specific provision, R.C. 4112.02(N), must be the only provision applied. Moreover, appellant alleged in Count I of his complaint that the "[d]efendant and its agents have violated the provisions of Chapter 4112 of the Ohio Revised Code." The only provision in R.C. Chapter 4112 that recognizes discrimination on the basis of age is R.C. 4112.02. Thus, regardless of whether appellant stated reliance on R.C. 4112.02 or 4112.99, he had to be referring to the form of age-based employment discrimination identified by R.C. 4112.02.

Former R.C. 4112.02(N) provided that "[a]n aggrieved individual may enforce his rights relative to discrimination on the basis of age *as provided for in this section* by instituting a civil action, within *one hundred eighty days* after the alleged unlawful practice occurred * * *."[1]  (Emphasis added.)  This language makes it clear that any age-based employment discrimination claim, premised on a violation described in R.C. Chapter 4112, must comply with the one-hundred-eighty-day statute of limitations period set forth in R.C. 4112.02(N).

Based on the above, we conclude that any age discrimination claim, premised on a violation described in R.C. Chapter 4112, must comply with the one-hundred-eighty-day statute of limitations period set forth in former R.C. 4112.02(N). Thus, appellant's claim was barred because he did not file his cause of action within the one-hundred-eighty-day period.

We next address the finding that summary judgment in favor of appellee was proper because appellant has not raised a genuine issue of material fact to support his age discrimination claim.  We agree.

Summary judgment may be properly granted where (1) no genuine issue as to any material fact exists;  (2) the moving party is entitled to judgment as a matter of law;  (3) it appears from the evidence that reasonable minds can come to but one conclusion;  and (4) viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.  *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

To establish a *prima facie* case of age discrimination, a plaintiff must demonstrate:  (1) that he or she was a member of the statutorily protected class;  (2) that he or she was discharged;  (3) that he or she was qualified for the position;  and (4) that he or she was replaced by, or his or her discharge permitted the retention of, a person not belonging to the protected class.  *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 575 N.E.2d 439, syllabus.  The ultimate question is whether the defendant intentionally discriminated against plaintiff because of his age.  See *id.* at 404–405, 575 N.E.2d at 442.

In the present case, appellant failed to establish a *prima facie* case of age discrimination.  According to the record below, appellant was not discharged. He was retained by the company and receives many benefits, including a pension plan, a 401K plan, a gas credit card, and country club membership.  Thus, this is not a constructive discharge situation, as appellant could not reasonably feel compelled to resign.  See *Henry v. Lennox Industries, Inc.* (C.A.6, 1985), 768 F.2d 746.  In addition, there is significant evidence that appellant was not

---

1.  Former R.C. 4112.02(N) was amended on June 30, 1992 to add the word "discriminatory" after "unlawful."

performing well at his various positions. Thus, appellee had legitimate, nondiscriminatory business reasons for its actions. Moreover, appellant was not replaced by anyone outside the statutorily protected age group, which is "forty or older." See R.C. 4101.17(A). Appellant was replaced by Parkhurst, who had already turned age forty at the time. As to appellant's claim of breach of implied contract, his assignment as president was in name only and he admitted there was no express or implied contract that it would be a permanent position. Also, his claim of promissory estoppel fails, as appellant has proven no promise of job security.

In conclusion, we find that summary judgment in favor of appellee was proper because appellant failed to timely file his age discrimination claim and, additionally, failed to raise a genuine issue of material fact to prevent summary judgment. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, WRIGHT and RESNICK, JJ., concur.

DOUGLAS and PFEIFER, JJ., dissent.