**Ruth DUNN, Plaintiff,**

v.

**MEDINA GENERAL HOSPITAL, et al., Defendants.**

**No. 5:94CV2349.**

United States District Court,
N.D. Ohio.

Feb. 28, 1996.

Edward L. Gilbert, Law Offices Of Edward L. Gilbert, Akron, OH, for Ruth Ann Dunn.

Joel R. Hlavaty, Richard V. Whelan, Jr., Thompson, Hine & Flory, Cleveland, OH, for Medina General Hospital, Darla Kermendy, Kenneth Milligan.

Stephanie Dutchess Trudeau, Ulmer & Berne, Cleveland, OH, for Stephanie Dutchess Trudeau.

## MEMORANDUM OPINION

ECONOMUS, District Judge.

This matter is before the Court on motion by the Defendants for summary judgment. Having reviewed the record and considered the facts in a light most favorable to the non-movant Plaintiff, the Court will grant summary judgment.

Plaintiff, Ruth Dunn, has been employed by the Medina General Hospital (Hospital) as a commercial biller since 1969. On June 25, 1992, Ms. Dunn filed a charge of age discrimination with the Ohio Civil Rights Commission (OCRC) and the Equal Employment Opportunity Commission (EEOC). In November of 1992, the OCRC found that it was not probable that the Hospital had discriminated against her and dismissed the charge. On February 24, 1993, the EEOC also dismissed the charge and informed Ms. Dunn that she had ninety days within which to file an action in federal court.

In April, 1993, Ms. Dunn filed a second charge with the OCRC and the EEOC alleging retaliation by the Hospital. The OCRC found probable cause that the Hospital retaliated against her.

On November 15, 1994, Ms. Dunn filed this action alleging causes of action under the Age Discrimination in Employment Act (ADEA), 42 U.S.C. § 1983, as well as age discrimination and intentional infliction of emotional distress claims under Ohio law. Some of these claims have been dismissed and thus the claims that are before the Court at this time are the following: Count One (ADEA as to the Hospital), Count Two (alleged violation by the Hospital of Ohio Revised Code §§ 4112.02 and 4112.99), and Count Three (intentional infliction of emotional distress as to all defendants).[1]

In her complaint and affidavit, Ms. Dunn claims she experienced numerous actions and comments related directly to her age around the time the new patient accounts manager, Defendant Darla Kennedy, began working at the Hospital. These included the older workers in the department being excluded from office parties, additional duties assigned to older workers which were not assigned to the younger workers, auditing of the older employees' work by the younger workers, and other preferential treatment of the younger workers. In essence she claims that her working environment consisted of preferential treatment of younger workers and demeaning treatment of older workers.

---

1. Judge Paul R. Matia granted in part Defendants' motion to dismiss, dismissing Plaintiff's claims as to all defendants under § 1983 and the Ohio Rev.Code § 4101.17, and dismissing the age claims in Count I and II as to the individual defendants.

The Defendant has moved for summary judgment on numerous grounds which the Court will address as raised within the motion.

## I. Plaintiff's First EEOC Charge is Time–Barred

The Hospital first argues that Ms. Dunn's ADEA claim for actions complained of in her first complaint to the EEOC is time-barred. The Hospital cites to 29 U.S.C. § 626(e), which provides as follows:

> If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent in the charge within 90 days after the date of the receipt of such notice.

On February 24, 1993, the EEOC notified Ms. Dunn by letter of her right to sue. The letter contained the following language:

> A lawsuit under the Age Discrimination in Employment Act ("ADEA") ordinarily must be filed within two years of the date of discrimination alleged in the charge. On November 21, 1991, the ADEA was amended to eliminate this two year limit. An ADEA lawsuit may now be filed any time from 60 days after a charge is filed to 90 days after receipt of notice that EEOC has completed action on the charge.

Because Ms. Dunn did not file her complaint until November 15, 1994, the Hospital argues that the claim is now time-barred by § 626(e).

Plaintiff argues that this claim is governed by the statute of limitations in effect under the ADEA prior to the enactment of the Civil Rights Act of 1991. Under the rules in place prior to the Civil Rights Act of 1991, a plaintiff in an age discrimination case generally had two years after the action accrued to file a claim, and three years if the claim alleged a "willful violation." Plaintiff further argues that the language of the statute is permissive and provides merely that an ADEA suit could, but did not have to be filed within 90 days. The word "may" in § 626(e), Plaintiff contends, indicates the intent of Congress to supplement rather than replace the three-year limitations period. Thus, as long as her suit was filed within the three-year statute of limitations for willful violations, her ADEA action is not time-barred. Plaintiff relies on *Simmons v. Al Smith Buick Co., Inc.*, 841 F.Supp. 168 (E.D.N.C.1993) as authority that the 90–day limit was not intended to be the only limit in ADEA cases and to replace the previous two and three year rules, and urges this Court to adopt its reasoning.

The issue is therefore whether the amended statute of limitations period applies to all civil actions filed after the enactment of the 1991 Civil Rights Act. The Sixth Circuit has not addressed this issue but a review of the law of the circuits which have considered it will serve as a guide to this Court. The Second, Fifth, and Eighth Circuits have concluded that § 626(e) applies to actions such as this one. *See Vernon v. Cassadaga Valley Cent. School Dist.*, 49 F.3d 886, 889–91 (2d Cir.1995); *St. Louis v. Texas Worker's Compensation Commission*, 65 F.3d 43, 45–46 (5th Cir.1995); *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 664–65 (8th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 380, 133 L.Ed.2d 303 (1995).

Each of the above cases held that the Civil Rights Act of 1991 amended 29 U.S.C. § 626(e) by eliminating the two or three year limitations period and that § 626(e) now provides the exclusive limitations period for claims brought under the ADEA. Both the language and legislative history of § 626(e) support this conclusion. The statute states clearly that a complainant may file suit within ninety days after the date of the receipt of a right-to-sue letter from the EEOC. The legislative history indicates that the two or three year statute of limitations incorporated into the former § 626(e) does not survive the passage of the 1991 Act. In the 1991 Act, Congress deleted from the former § 626(e) the express reference to § 255 of the Portal–to–Portal Pay Act which provided for the two or three year limitations period. This Court agrees with the interpretation of the legislative history of § 626(e) set forth in *McCray v. Corry Mfg. Co.*, 872 F.Supp. 209 (W.D.Pa.

1994), *aff'd* 61 F.3d 224 (3rd Cir.1995) where the court concluded that the legislative history "demonstrates that the purpose of the 1991 Amendment to § 626(e) was to create a ninety-day window within which plaintiffs must file suit under the ADEA or lose their right to do so."

The analysis of the *Vernon, St. Louis,* and *Garfield* decisions is persuasive. Further, the *Simmons* case relied upon by Plaintiff was accurately criticized in *McCray* and that case provides a helpful analysis of this issue. The language of § 626(e), the legislative history, and the weight of authority among the courts all support the conclusion that the statute of limitations of § 626(e) is applicable to Plaintiff's first ADEA claim. Ms. Dunn was required to file her action within ninety days of having received the February 23, 1993 right-to-sue notice. She did not do so. Consequently, this claim is time-barred.

## II. Exhaustion of Administrative Remedies

As to Ms. Dunn's second EEOC charge for retaliation, the Hospital contends that the claim must be dismissed because she has failed to exhaust her administrative remedies. Upon the EEOC's denial of her first claim of age discrimination, Ms. Dunn returned to work. She subsequently filed a second charge with the OCRC for retaliation. In accordance with the relevant filing guidelines, she filed her lawsuit more than sixty days later. During this interim period, she did not pursue her claim with the OCRC and did not respond to its requests for interrogatories or interviews. The OCRC therefore recommended dismissal of her charge due to lack of cooperation with the discovery process. Defendants equate this failure to cooperate with a failure to exhaust administrative remedies, thereby mandating dismissal of the claim.

The Supreme Court has held that 29 U.S.C. § 633(b) mandates that in states where established agencies are empowered to remedy age discrimination in employment (deferral states), a person may not bring a suit in federal court under the ADEA unless she has *commenced* a proceeding with the appropriate state agency. *Oscar Mayer and Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979) (emphasis added). The Ohio Civil Rights Commission (OCRC) is Ohio's agency which is empowered to remedy age discrimination in employment. Ohio is a deferral state within the meaning of § 14(b) of the ADEA. *Brownlow v. Edgcomb Metals Co.,* 573 F.Supp. 679, 683 (N.D.Ohio 1983).

While it was the intent of Congress to encourage the resolution of age discrimination disputes on the state level through recourse to state administrative remedies, it is equally clear that Congress intended to make the remedies of the ADEA complementary and supplementary to state administrative remedies, and not mutually exclusive. *Oscar Mayer,* 441 U.S. at 764, 99 S.Ct. at 2075. Moreover, the holding in *Oscar Mayer* was that a filing of a state administrative complaint after the state statute of limitations for that filing had run did not prevent an age discrimination plaintiff from proceeding with a claim under the ADEA, even though the filing had therefore been merely perfunctory. *Id.* The plaintiff need only wait sixty days before bringing suit in federal court, even if the filing is merely formal and ineffective for state administrative purposes. *Id.* at 762, 99 S.Ct. at 2074–2075.

This reasoning is applicable here. Ms. Dunn "commenced" state proceedings with the appropriate administrative agency, the OCRC. The holding of *Oscar Mayer* does not require her to pursue that claim with the administrative agency to its conclusion. By waiting sixty days before filing her lawsuit in federal court, she has fulfilled the necessary jurisdictional prerequisites and her second claim for retaliation is now properly before this Court.

## III. Plaintiff's Ohio Age Claims are Time–Barred

Defendant next claims that Plaintiff's state claims of age discrimination are time barred because Section 4112.02(N) of the Ohio Revised Code provides that any civil action brought under § 4112.02 must be instituted within 180 days after the alleged unlawful discriminatory practice. Defendants also contend that the continuing violations theory

is not applicable and thus cannot toll the limitations period. Plaintiff argues that the *Bellian* decision relied upon by Defendants was overruled by the Ohio Supreme Court in *Cosgrove v. Williamsburg of Cincinnati Management Co. Inc.*, 70 Ohio St.3d 281, 638 N.E.2d 991 (1994).

The Ohio Supreme Court has held that the time period of limitations of Section 4112.02(N) applies to age discrimination actions brought under § 4112.99. *Bellian v. Bicron Corp.*, 69 Ohio St.3d 517, 634 N.E.2d 608 (1994) In *Bellian*, the Ohio Supreme Court held that an age discrimination claim premised on a violation of § 4112.99 had to comply with the 180–day limitations period despite the employee's assertion that the claim should be governed by the general six-year limitations period. Plaintiff here makes the same argument in support of the six-year limitations period, citing *Cosgrove*.

The syllabus by the Court in *Cosgrove* states that "R.C. 4112.99 is a remedial statute, and is thus subject to R.C. 2305.07's six-year statute of limitations." The syllabus in *Bellian* reads: "Any age discrimination claim, premised on a violation described in R.C. Chapter 4112, must comply with the one-hundred-eighty-day statute of limitations period set forth in former R.C. 4112.02(N)." Justice Alice Robie Resnick provides an important distinction in her concurring opinion to *Cosgrove* to explain the apparent inconsistency between the holdings of the Ohio Supreme Court in *Bellian* and *Cosgrove*.

The essential distinction between the two cases is that *Bellian* was an age discrimination case while *Cosgrove* was a gender-based discrimination claim. In *Bellian* the court recognized that there may be other provisions in R.C. Chapter 4112 that permit aggrieved individuals to enforce specific rights under Chapter 4112 by instituting a civil action. To the extent that other specific provisions set forth a statute of limitations, a conflict could exist between such specific provisions and R.C. 4112.99, relative to the applicable statute of limitations. "In such an event, pursuant to R.C. 1.51, the specific provision's statute of limitations must prevail." *Bellian*, 69 Ohio St.3d at 519, 634 N.E.2d 608.

The plaintiff in *Bellian* brought an age-based employment discrimination claim that purported to be based on R.C. 4112.99. However, the only provision in R.C. Chapter 4112 that recognizes discrimination based on age is R.C. 4112.02. Therefore, the plaintiff must have been referring to the form of age-based discrimination identified in R.C. 4112.02. *Cosgrove*, 70 Ohio St.3d at 290, 638 N.E.2d 991. R.C. 4112.02(N) specifically authorized civil actions for age-based employment discrimination claims and contained a 180–day statute of limitations. Consequently, its statute of limitations prevailed over that of R.C. 4112.99.

The plaintiff in *Cosgrove* brought a gender-based employment discrimination claim, also pursuant to R.C. 4112.99. As in *Bellian*, the only provision in R.C. Chapter 4112 that proscribes gender-based employment discrimination is R.C. 4112.02. Unlike the situation in *Bellian*, however, there is no R.C. Chapter 4112 provision, other than R.C. 4112.99, that creates civil liability for gender-based employment discrimination claims. R.C. 4112.02(N) only authorizes civil actions relative to discrimination on the basis of age. Thus, there is no specific R.C. Chapter 4112 provision which conflicts with R.C. 4112.99. Accordingly, the six-year statute of limitations set forth in R.C. 2305.07 and not the 180–day statute of limitations contained in R.C. 4112.02(N) applies to gender discrimination claims. *Cosgrove*, 70 Ohio St.3d at 291, 638 N.E.2d 991. This analysis governs the situation before this Court. Because this is an action alleging age discrimination, the 180–day limitations period of R.C. 4112.02(N) is applicable to the state claims of Ms. Dunn.

Even if the 180–day limitations period is applicable, Plaintiff maintains that the statute of limitations is tolled under the continuing violation theory because the statutory six-month period begins to run anew with each new discriminatory act.

The Court is not aware of any Ohio state courts having addressed the question of whether the continuing violations rationale applies to age-based discrimination claims under R.C. 4112.99 or R.C. 4112.02. Since R.C. 2305 is not applicable here, any tolling

provision within that section cannot be applied either so as to encompass Plaintiff's claims within the statutory period.

Plaintiff's administrative claims were filed in June 1992 and April 1993. Plaintiff alleges that the discriminatory actions of the Defendants have been continual since June 1, 1991. She filed this cause of action on November 15, 1994. R.C. 4112.02(N) reads:

> An aggrieved individual may enforce his rights relative to discrimination of the basis of age as provided for in this section by instituting a civil action, within one hundred eighty days after the alleged unlawful discriminatory practice occurred, in any court with jurisdiction for any legal or equitable relief that will effectuate his rights.

When Plaintiff filed this action she was not in compliance with the 180–day limitations period established by this section. For this reason, her claims for age discrimination under Ohio Revised Code §§ 4211.02 and 4211.99 are time barred and must be dismissed.

Having determined that these claims are time barred, it is not necessary for the Court to address Defendants' argument that Plaintiff's age claims under Ohio law are barred by her election of remedies.

## IV. Prima Facie Case of Age Discrimination

Although the Court has ruled that Plaintiff's age discrimination claim is time-barred under 29 U.S.C. § 626(e), an analysis of the evidence presented reveals that even if she could proceed with her claim, she cannot establish a prima facie case.

Plaintiff has essentially alleged a claim of age discrimination on the basis of a hostile work environment theory. Defendants argue that the evidence presented is insufficient to support such a claim and at most merely reflects hostility between co-workers rather than an age-hostile environment.

Fed.R.Civ.P. 56(c) governs summary judgment and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law ...

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the evidence submitted must be viewed in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir.1995).

"The burden on the nonmoving party may be discharged if the moving party demonstrates that the nonmoving party has failed to establish an essential element of his or her case for which he or she bears the ultimate burden of proof at trial." *Morales v. American Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir.1995). If the moving party meets this burden, only then must the nonmoving party present more than a scintilla of evidence in support of his or her position. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Summary judgment must be granted unless there is sufficient evidence favoring the nonmoving party for a judge or jury to return a verdict for that party. *Id.* at 249, 106 S.Ct. at 2510–2511.

A hostile work environment requires the existence of severe or pervasive and unwelcome verbal or physical harassment because of a plaintiff's membership in a protected class. *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 66–67, 106 S.Ct. 2399, 2405–2406, 91 L.Ed.2d 49 (1986). Title VII of the Civil Rights Act makes it illegal for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The ADEA forbids the identical conduct when the discrimination is "because of such individual's age." 29 U.S.C. § 623(a)(1). With virtually little or no difference between the ADEA and Title VII, there is no reason to differentiate between age discrimination claimants and members of

other protected groups for purposes of bringing a hostile work environment claim; an age claimant's rights are simply protected by the ADEA rather than Title VII. *Drez v. E.R. Squibb & Sons, Inc.*, 674 F.Supp. 1432, 1436–37 (D.Kan.1987). Several courts have recognized that a plaintiff may establish violations of the ADEA by proving the existence of a hostile work environment. *See Clemmer v. Enron Corp. et al.*, No. Civ. A. H–93–3550, 1995 WL 334372 (S.D.Tex., March 27, 1995); *Eggleston v. South Bend Community Sch. Corp.*, 858 F.Supp. 841, 847 (N.D.Ind.1994); *Spence v. Maryland Cas. Co.*, 803 F.Supp. 649, 671 (W.D.N.Y.1992), *aff'd.* 995 F.2d 1147 (2d Cir.1993). Accordingly, hostile work environment allegations are equally cognizable in the age discrimination context as well as in situations involving Title VII claimants.

A hostile work environment theory requires that the plaintiff show that (1) she was a member of protected class; (2) she was subject to unwelcome harassment; (3) the harassment was prompted solely because of her age; (4) the harassment affected a term, condition, or privilege of her employment; and (5) existence of respondeat superior liability. *Kotcher v. Rosa and Sullivan Appliance Center, Inc.*, 957 F.2d 59 (2d Cir.1992).

Defendants argue that Ms. Dunn has failed to present sufficient facts to show that she was a victim of a hostile environment based on age. It is clear that plaintiff is within the protected class. Viewing the workplace incidents alleged in a light most favorable to plaintiff, she was subjected to unwelcome harassment. A reasonable inference may be drawn by a jury, based upon Ms. Dunn's deposition and affidavit, that the harassment was because of her age. There is also sufficient evidence to establish a question of ˄act as to whether the terms and conditions of her employment were affected.

Defendants make much of the fact that some of the other employees were also over forty years of age. The fact that some employees are over forty does not correspond to an automatic lack of discrimination so as to preclude summary judgment. Defendant also emphasizes that isolated statements by a supervisor are insufficient to create an issue of material fact. Here, the record, when considered as a whole, contains sufficient outstanding issues of material fact with respect to her claim that she was subjected to a hostile work environment due to her age.

However, Plaintiff encounters difficulties in demonstrating the last requirement of a valid hostile work environment action, *i.e.* respondeat superior liability. To show respondeat superior liability in co-worker discrimination cases, a plaintiff must prove that the employer, through its agents or supervisory personnel, knew or should have known of the charged harassment and failed to implement prompt and appropriate corrective action. *Kauffman v. Allied Signal, Inc., Autolite Div.*, 970 F.2d 178, 183 (6th Cir.1992), *cert. denied*, 506 U.S. 1041, 113 S.Ct. 831, 121 L.Ed.2d 701.

Here, Ms. Dunn admitted that she did not complain about the alleged incidents which serve as the basis for her action. Additionally, when a fellow co-worker brought similar concerns to the attention of the Hospital, the offending supervisor was sent to "management sensitivity" training seminars. Therefore, the Hospital, if it indeed had knowledge of the incidents, did take prompt and appropriate corrective action. Because a prima facie case for age discrimination cannot be established, summary judgment must be granted.

## V. Prima Facie Case of Retaliation

The elements of a prima facie case of retaliation are (1) that a plaintiff engaged in a protected activity; (2) that the exercise of her protected rights was known to the defendants; (3) that the defendants thereafter took an employment action adverse to plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action. *Canitia v. Yellow Freight System, Inc.*, 903 F.2d 1064, 1066 (6th Cir.) (per curiam), *cert. denied*, 498 U.S. 984, 111 S.Ct. 516, 112 L.Ed.2d 528 (1990).

Ms. Dunn claims that after she filed her first discrimination complaint, the previous harassment she suffered from other employees and supervisors intensified. She also claims that she was retaliated against

through reprimands for her mistakes, a poor performance review, a temporary reduction in the number of commercial billers in the department, and being questioned about leaving work early one day. Upon investigating her complaint, the OCRC determined that it was probable that the Hospital engaged in unlawful discrimination practices. Defendants argue that there is no evidence of any adverse employment action.

■ Determining whether there was a materially adverse change in the terms or conditions of employment involves an objective determination of whether the conduct of Ms. Dunn's supervisor and coworkers created such difficult or unpleasant working conditions that a reasonable person in Ms. Dunn's shoes could not tolerate them. *Wilson v. Firestone Tire & Rubber Co.*, 932 F.2d 510, 515 (6th Cir.1991). The facts alleged in support of the retaliation claim are essentially the same as those alleged in support of the age discrimination claim. However, as with Plaintiff's age discrimination claim, the following facts indicate that there is insufficient evidence to establish a prima facie case for retaliation.

For instance, Ms. Dunn cannot recall if she was disciplined as a result of her mistakes. She cannot recall any of the "old" jokes made by co-workers. She did not report the comments or whistling to a supervisor. The billers in the business office were seated by financial groups with older and younger billers on both sides of the room. The billers were temporarily reduced for business reasons. She was not demoted, threatened with dismissal, or forced to take a cut in pay. This evidence, when considered cumulatively, cannot support a finding that Ms. Dunn's working environment was so unpleasant that a reasonable person could not tolerate it. Consequently, the facts do not constitute a materially adverse change in the terms or conditions of employment and summary judgment must be granted.

## VI. Intentional Infliction of Emotional Distress Claim

■ Negligent infliction of emotional distress is not recognized in the employment context in Ohio. *See Antalis v. Department of Commerce,* 68 Ohio App.3d 650, 589 N.E.2d 429 (Ohio Ct.App. 10th Cir.1990).

■ To support a claim for the tort of intentional infliction of emotional distress under Ohio law, four elements must be proved:

(1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff;

(2) that the actor's conduct was extreme and outrageous, that it went beyond all possible bounds of decency and that it can be considered as utterly intolerable in a civilized community;

(3) that the actor's actions were the proximate cause of the plaintiff's psychic injury; and

(4) that the mental anguish suffered by plaintiff is serious and of a nature that no reasonable person could be expected to endure it.

*Bellios v. Victor Balata Belting Co.,* 724 F.Supp. 514, 520 (S.D.Ohio 1989). *See also Yeager v. Local Union No. 20, Teamsters, Chauffeurs Warehousemen, & Helpers of America,* 6 Ohio St.3d 369, 453 N.E.2d 666 (1983). Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Yeager,* 6 Ohio St.3d at 375, 453 N.E.2d 666.

■ Ms. Dunn has complained of comments which were directly related to her age, exclusion from office parties, increase in work load, cursing by her supervisor, the dumping of her birthday cake into the trash, and other insults or indignities. These incidents, she alleges, caused or contributed to her stress and emotional distress. However, she did not go to any medical provider other than her general practitioner physician for her annual check-up. Further, she did not miss any work because of the stress or her working environment.

Following the above standards, and even assuming that Ohio recognizes the tort of intentional infliction of emotional distress in the employment context, there is insufficient evidence to show that the conduct Ms. Dunn complained of was extreme and outrageous.

The incidents complained of are not of the type to be considered as "utterly intolerable in a civilized society." Again, these facts suggest a likelihood of hostilities among co-workers rather than intentional conduct by these defendants. Summary judgment must be granted in favor of all the defendants on this issue.

## VI.  CONCLUSION

For the reasons stated in this memorandum, Defendants' motion for summary judgment is **GRANTED.** An appropriate order will accompany this memorandum opinion.

**IT IS SO ORDERED.**

### ORDER

In accordance with the memorandum opinion this day filed, the Defendants Motion for Summary Judgment (Dkt. # 38) is **GRANT-ED** and the claims against the Defendants are dismissed with prejudice. This is a final and appealable order and there is no just cause for delay.

**IT IS SO ORDERED.**