STEINKE et al., Appellants,

v.

WIESENMAYER et al., Appellees.

[Cite as *Steinke v. Wiesenmayer* (1997), 119 Ohio App.3d 171.]

Court of Appeals of Ohio,
Third District, Auglaize County.

No. 2–96–34.

Decided April 15, 1997.

*Maria Santo,* for appellants.

*W. Thomas Roush,* for appellees.

EVANS, Presiding Judge.

This is an appeal by the plaintiff, Andrew J. Steinke, from a judgment of the Court of Common Pleas of Auglaize County granting the motion of the defendant, the city of Wapakoneta, for summary judgment and dismissing the city from the action on the basis of governmental immunity.

This action arises out of the theft of a can of soda pop, and the injury resulting therefrom to the thief. On January 13, 1995, thirteen-year-old Andrew and his friend, Mike, were planning to attend a movie being shown in a theater located adjacent to property owned by Robert C. Wiesenmayer. Wiesenmayer's property was open for public use, and offered access to restrooms and a soda machine. Having heard "through the grapevine" that it was possible to coax soda out of the machine by reaching up through the door where the cans dropped down after purchase, Andrew and Mike, who only had enough money for movie tickets, decided to try and get a free soda to take to the movie. Unbeknownst to the boys, Wiesenmayer, in an attempt to deter soda thieves, had installed razor blades in the soda egress, which would cut the hand of anyone reaching into the machine.

The inevitable occurred—Andrew got his soda out of the machine, and in the process cut his thumb, which bled profusely due to a severed vein. When the boys went to the local police station for first aid assistance, Andrew related the story of his injury. However, he told the officers that he had paid for the soda, and reached into the machine only after it malfunctioned and failed to deliver the

soda. (Andrew's story fell apart when he was confronted with a videotape of the episode, taken by a hidden camera.)

On October 3, 1995, Andrew's mother, Linda McKinley, filed an action against Wiesenmayer and the city of Wapakoneta, alleging that Wiesenmayer was unjustified and used excessive force in unlawfully and maliciously installing the razor trap in his soda machine, knowing full well that someone could and would be severely injured. The complaint requested reparation and punitive damages. The complaint also alleged the city was liable for Andrew's injury in that the city's Chief of Police was aware of the dangerous razor trap, and failed to order Wiesenmayer to remove the razors from the machine. Plaintiffs asserted that the police department's gross neglect thus violated a governmental duty to protect the public and "to control, establish, and/or maintain policies and procedures for the operation of the police department."

Answers and various motions were filed by the parties. Following discovery, all the parties filed motions for summary judgment. On November 20, 1996, the trial court denied the motions of the plaintiffs and defendant Wiesenmayer, but granted the city's motion, dismissing it as a party from the action on the basis of immunity. The court further found no just cause for delay in appealing the dismissal of the city from the case.

Andrew and his mother ("appellants") have appealed the court's judgment dismissing the city ("appellee"), asserting the following assignment of error:

"The trial court committed an error of law in granting defendant's motion for summary judgment."

Summary judgment may be properly granted where "(1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; (3) it appears from the evidence that reasonable minds can come to but one conclusion; and (4) viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Bellian v. Bicron Corp.* (1994), 69 Ohio St.3d 517, 520, 634 N.E.2d 608, 610, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274. A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd.* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus. This court reviews the evidence *de novo. Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 78–79, 506 N.E.2d 212, 214–215.

The facts of this case are not disputed. Therefore, we must review the trial court's judgment and determine whether the trial court was correct in granting judgment to the city "as a matter of law." The pertinent statute in this case,

R.C. 2744.02(B)(2), provides that "political subdivisions are liable in damages for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions."

The trial court found that the city was immune from liability in this case because "none of the five exceptions of Section 2744.02(B) are applicable." However, as noted above, this section of the Revised Code delineates specifically the instances in which a political subdivision *may* be found liable, subject to the defenses set forth in R.C. 2744.03, "Defenses or immunities of subdivision and employee." R.C. 2744.03 provides as follows:

"(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:

"* * *

"(3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.

"* * *

"(5) The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner."

Appellee requested summary judgment based upon the defense provided the city by R.C. 2744.03(A)(5). Appellee argued that, since the police department's determination (not to criminally sanction Wiesenmayer for his malicious attempt to deter theft from his property) was not reckless or malicious, the city is immune from liability for Andrew's injury. Appellee included along with its motion for summary judgment the affidavit of the city's Chief of Police. Chief David Harrison of the Wapakoneta Police Department attested that when first shown the razor device Wiesenmayer had placed in his soda machine, he advised Wiesenmayer that the device should be removed, since someone (even someone engaged in legal activity) could be severely injured by the razors. The Chief also cautioned Wiesenmayer that he could be held civilly liable if injury to someone

occurred. He further testified that "in his investigation of this situation he could find no violation of the criminal law" in Wiesenmayer's installation of the razors into a machine which he himself owned.

Appellants claim that the Chief was grossly negligent in failing to abide by the statutory provision prescribing the function of city police departments. Appellants argue that appellee was in violation of R.C. 737.11, which sets forth the general duties of a municipal police department to "preserve the peace, protect persons and property," and obey and enforce the laws and court orders of the city, state, and country. However, this statute simply restates the police department's common law duty to the public. See, e.g., *FJM Corp. v. Toledo* (Oct. 30, 1987), Lucas App. No. L–87–115, 1987 WL 19471, unreported. As stated by one court:

"The duty of the state, if any, to provide extraordinary protective devices against injury from criminal misconduct is a duty owed generally to society but not a duty owed to a particular person. Otherwise, the state of Ohio or its municipalities and subdivisions could be held responsible for damages to a person criminally assaulted on the streets because too little police protection was provided. The public duty to provide protection against criminal misconduct is not one for which a breach will result in a negligence recovery by an injured member of the public. Police protection is a duty owed to the public as a whole but not to any individual member." *Zebrasky v. Ohio Dept. of Transp.* (1984), 16 Ohio App.3d 481, 484, 16 OBR 564, 566–567, 477 N.E.2d 218, 220–221. See, also, *Sawicki v. Ottawa Hills* (1988), 37 Ohio St.3d 222, 230, 525 N.E.2d 468, 477 (principle that "no more than a general duty to the public was intended by the General Assembly * * * has been established for some time").

Thus, absent the element of a duty, appellee could not be found negligent or, needless to say, grossly negligent as averred by appellants. The police owe no duty to individuals, but only to the public at large, unless a "special relationship has been established between [an individual] and the police." *Id.*, 37 Ohio St.3d at 233, 525 N.E.2d at 479. No such relationship is even alleged here. Moreover, appellants have presented no evidence in opposition to appellee's motion which would demonstrate that the Chief, in failing to charge Wiesenmayer with a crime, acted in bad faith, maliciously, or wantonly, such that the city could be held vicariously liable for his behavior. *Wing*, 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus. Furthermore, appellee is immune from liability pursuant to R.C. 2744.03(A)(3), in that the Chief was within his discretion in his "failure to act" further in preventing Wiesenmayer from "protecting" his property.

Therefore, although the trial court did grant appellee's motion on an erroneous basis, we find that the city was properly dismissed from the suit upon summary

judgment. Having found no error prejudicial to the appellants herein, in any of the particulars assigned and argued, we overrule the assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT and SHAW, JJ., concur.