### Christine WALLACE, Plaintiff,

v.

### TRUMBULL MEMORIAL HOSPITAL et al., Defendants.

#### No. 4:96 CV 02096.

United States District Court,
N.D. Ohio.

July 29, 1997.

Randil John Rudloff, Guarnieri & Secrest, Warren, OH, for Christine Wallace.

Ned C. Gold, Jr., Hoppe, Frey, Hewitt & Milligan, Warren, OH, for Trumbull Memorial Hosp., Margaret Keshock.

Keith A. Ashmus, Heather Leigh Areklett, Thompson, Hine & Flory, Cleveland, OH, for American Practitioners Management, Inc.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon Defendant's Motion to Dismiss (Dkt.# 14). For the reasons stated below, the court finds Defendant's motion to be meritorious as it pertains to Plaintiff's second and fourth causes of action.

### Facts

Plaintiff, age 48, has been employed by Trumbull Memorial Hospital for 19 years. She alleges that American Practitioners Management Inc.("APM"), which provided staffing services for Trumbull Memorial, discriminated against her because of her age in violation of 29 U.S.C. § 623 as well as O.R.C. Chapter 4112 and O.R.C. § 4101.17, by failing to offer her another job for which she was otherwise qualified. She further alleges discrimination based upon a "mental/emotional" disability in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC") on April 22, 1996. The charge alleges that the discrimination took place on August 11, 1995. Plaintiff was then issued a right to sue letter from the EEOC and proceeded to institute the present action on September 26, 1996.

APM now moves for the dismissal of Plaintiff's second, fourth, and sixth causes of action. In regard to the second cause of action, APM argues that it is barred by the applicable statute of limitations. APM also moves to dismiss Plaintiff's fourth cause of action for failure to adequately allege the existence of a disability. Lastly, Defendant moves to dismiss Plaintiff's sixth cause of action reasoning that the *Greeley* exception does not provide a separate common law tort cause of action for age and handicap discrimination.

### Motion To Dismiss

"A Motion to Dismiss may only be granted if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ang v. Procter & Gamble, Co.*, 932 F.2d 540, 544 (6th Cir.1991) *citing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). For the purposes of a motion to dismiss, "all allegations in the com-

**620**

plaint must be taken as true and construed in the light most favorable to the nonmovant." *Ang,* 932 F.2d at 544. While this standard is decidedly liberal, a bare assertion of legal conclusions will not suffice. "In practice, a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993)

*Count II: State Age Discrimination Claim*

In *Bellian v. Bicron Corp.,* 69 Ohio St.3d 517, 634 N.E.2d 608 (1994), the Supreme Court of Ohio held that any age discrimination claim, premised on a violation described in R.C. Chapter 4112, which includes § 4112.09, must comply with the 180–day statute of limitations period established by O.R.C. § 4112.02(N). § 4112.02(N) states:

> An aggrieved individual may enforce his rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred eighty days after the alleged unlawful discriminatory practice occurred, in any court with jurisdiction for any legal or equitable relief that will effectuate his rights.

This Court held in *Dunn v. Medina,* 917 F.Supp. 1185 (N.D.Ohio 1996), that an age discrimination claim brought under O.R.C. 4112.99, is time barred and must be dismissed if the action is not filed within the 180–day statute of limitations.

■ In the case at bar, Plaintiff alleges in her Charge of Discrimination to the EEOC that the alleged discriminatory act occurred on August 11, 1995. However, Plaintiff did not file her Complaint until September 26, 1996. As such, Plaintiff's state law claim for age discrimination is time barred.

*Count IV: ADA Claim*

■ The ADA prohibits employers from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

42 U.S.C. § 12112(a). In order to set forth a prima facie case under the ADA, Plaintiff must allege either that she is or is perceived to be handicapped within the definitions of the act, that she is otherwise qualified for the job, and that she was discriminated against on the basis of her disability. *Andrews v. State of Ohio,* 104 F.3d 803, 807 (6th Cir.1997).

■ the case at bar, Plaintiff has alleged that she suffers from a "mental/emotional" disability, that she was qualified for the position sought and that she was denied said position as a result of her disability. However, Plaintiff fails to identify her disability with specificity and further fails to identify how said disability substantially limits any major life activity.

In the present matter, Plaintiff has not adequately alleged that she had a disability under the ADA. The ADA defines "disability", with respect to an individual, as:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).

The EEOC in its Regulations to Implement the Equal Employment Provisions of the Americans with Disabilities Act, 29 C.F.R. § 1630.2(j) states, "temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities." Examples are broken limbs, concussions, infections, and the like. *Id.* However, if such a condition is a symptom or result of a longer-lasting underlying condition and continually reappears in such a way as to limit one or more major life activity, then the underlying condition would be a disability. *Id.* The factors to be considered in determining whether an impairment substantially limits an individual in one or more life activity are: (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the actual or expected long term impact

resulting from the impairment. 29 C.F.R. § 1630.2(j)(2).

Here, Plaintiff merely alleges in her Complaint that she was denied employment as a result of a "mental/emotional disability." This in no way allows for determination of whether her "mental/emotional disability" qualifies as a disability under the ADA, that is, whether or not it substantially limits one or more of her major life activities. Consequently, Plaintiff fails to establish a prime facie case under the ADA.

### Count VI: Public Policy Claim

As to Count VI, the public policy claim, Defendant has moved for dismissal relying upon the decision in *Greeley v. Miami Valley Maintenance Contractors, Inc.,* 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). However, the mere existence of statutory remedies does not without more, operate to bar a claim for wrongful discharge unless the remedies available under the statute are sufficient to provide the complete relief that would otherwise be available in a common law cause of action for wrongful discharge. *See generally Kulch v. Structural Fibers, Inc.,* 78 Ohio St.3d 134, 677 N.E.2d 308 (1997). Therefore, in the light of the Ohio Supreme Court's recent decision in *Kulch,* this Court finds that the Plaintiff's public policy claim for wrongful discharge in violation of the ADA should not be dismissed.

### Conclusion

For the reasons stated above, the Court finds that Defendant's Motion to Dismiss (Dkt.# 14) should be **GRANTED in Part and DENIED in Part** as Plaintiff's second and fourth causes of action fail to state claims upon which relief can be granted.

**IT IS SO ORDERED.**