This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Herb Wiles, appeals the decision of the Medina County Court of Common Pleas, granting summary judgment in favor of Medina Auto Parts, appellee. We affirm.
 I.
In 1999, Mr. Wiles was an employee of Medina Auto Parts, which is located in Medina County, Ohio. In April 1999, Mr. Wiles' father was injured in an automobile accident. With Medina Auto Parts' permission, Mr. Wiles took a leave of absence for approximately two weeks to care for his father. When Mr. Wiles returned to employment, he was transferred to a substantially lower paying position. He argues that he was demoted in retaliation for taking leave to care for his father and that the demotion amounted to a constructive termination of his employment.
On January 31, 2000, Mr. Wiles filed a complaint in the Medina County Court of Common Pleas, naming Medina Auto Parts as defendant. Mr. Wiles sought damages based upon a claim for wrongful discharge in violation of public policy based upon the federal Family and Medical Leave Act ("FMLA"). Medina Auto Parts moved for summary judgment, arguing that Mr. Wiles had failed to assert a claim for which the law affords a remedy. Specifically, Medina Auto Parts argued that Ohio does not recognize a claim for wrongful discharge in violation of public policy based on the FMLA. Mr. Wiles responded in opposition. On October 4, 2000, the trial court granted summary judgment in favor of Medina Auto Parts, holding that "there is no action based on Ohio public policy on an alleged violation of the Family and Medical Leave Act." This appeal followed.
 II.
Mr. Wiles asserts three assignments of error. We will address each in due course, consolidating his second and third assignments of error to facilitate review.
 A. Second Assignment of Error The Trial Court committed reversible error when it determined that "there is no action based upon Ohio public policy on an alleged violation of the Family and Medical Leave Act." The holding in Kulch v. Structural Fibers conflicts with the Court's ruling and moreover, the FMLA does not provide complete make whole tort relief as does a cause of action based upon wrongful discharge in violation of public policy. Cf., Berge v. Columbus Community Cable Access, 136 Ohio App.3d 281, 307 (1999) [sic].
 Third Assignment of Error The Trial Court's reliance on Gall v. Quaker Castings, Inc., (NDO 1995), 874 F. Supp. 161 [sic] and Vargo-Adams v. US Postal Service, (NDO 1998), 939 F. Supp. 939 [sic] as justification for dismissal of the Plaintiff's case by finding the FMLA was not Ohio public policy for wrongful discharge actions was a reversible error. Aside from the fact these cases do not control courts of common pleas decisions, they are contradicted by Wallace v. Trubbull Mem. Hosp., 970 F. Supp. 618, 621 (1997)
[sic] a federal case which held an action properly lies for wrongful termination in violation of public policy unless there is complete relief available under a relevant statute, and in this case, there is no such complete relief available under the FMLA for wrongful discharge. The relief available under the FMLA is limited to reinstatement with up to 12 weeks of back pay, not punitive damages, or pain and suffering. See,
 29 U.S.C. § 2617 et seq [sic].
 In his second and third assignments of error, Mr. Wiles essentially argues that the trial court erred in concluding that there is no cause of action in Ohio for wrongful discharge in violation of public policy based on the public policy embodied in the FMLA. We disagree.
In Greeley v. Miami Valley Maintenance Contractors, Inc. (1990),49 Ohio St.3d 228, paragraphs one, two, and three of the syllabus, Ohio recognized an exception to the employment-at-will doctrine when an at-will employee is discharged for a reason that contravenes clear public policy. To establish a claim for tortious wrongful discharge in violation of public policy (or Greeley claim), four-elements must be satisfied:
 "1. That [a] clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element).
 2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element).
 3. The plaintiff's dismissal was motivated by conduct related to the public policy (the causation
element).
 4. The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element)." (Emphasis sic.)
 Painter v. Graley (1994), 70 Ohio St.3d 377, 384, fn. 8, quoting H. Perritt, The Future of Wrongful Dismissal Claims: Where Does Employer Self Interest Lie? (1989), 58 U.Cin.L.Rev. 397, 398-99 (reaffirmed in Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 150-51). The clarity and jeopardy elements are questions of law to be determined by the court, while the causation and overriding justification elements are questions of fact for the trier of fact. Kulch, 78 Ohio St.3d at 151. We review questions of law de novo. Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108.
Regarding the clarity element, we must determine whether the FMLA manifests a clear public policy. Importantly, the Ohio Supreme Court has found that federal statutes may serve as a basis for recognition of a common-law cause of action for wrongful discharge in violation of public policy. Kulch, 78 Ohio St.3d at 152. Here, Mr. Wiles relies on the public policy evinced in the FMLA. Generally, "[t]he FMLA protects an employee from discharge by an employer for whom the employee has worked for twelve months (or 1250 hours in twelve months) if that discharge is motivated by the employee's taking of medical leave." Dorricott v.Fairhill Ctr. for Aging (July 27, 1999), C.A.6 No. 98-3671, unreported, 1999 U.S. App. LEXIS 17985, at *12-13; see, also, Section 2612(a), Title 29, U.S. Code. Moreover, part of the stated purpose of the FMLA is "to balance the demands of the workplace with the needs of families" and "to entitle employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, orparent who has a serious health condition[.]" (Emphasis added.) Sections 2601(b)(1) and (2), Title 29, U.S. Code; see, also, Dorricott,supra, at *13 (stating that "[t]he FMLA, by purposefully balancing the interests of employer and employee, see 29 U.S.C. § 2601(b), demonstrates a clear policy of protecting longer-term employees * * *"). We conclude that the foregoing establishes a clear public policy against discharging qualifying employees for taking reasonable leave for medical reasons, specifically in this case, to care for a parent with serious health problems.[1]
Having found that the FMLA evinces a clear public policy to justify an exception to the employment-at-will doctrine, we must next determine whether dismissing employees under circumstances like those involved in this case would jeopardize the public policy of the FMLA. Important to our discussion of the jeopardy element is the landmark case of Kulch v.Structural Fibers, Inc. (1997), 78 Ohio St.3d 134. Kulch engaged in an in-depth analysis of whether R.C. 4113.52, the Whistleblower Statute, satisfied the jeopardy element, considering the fact that R.C. 4113.52
contains certain civil remedies for qualifying whistleblowers. SeeKulch, 78 Ohio St.3d at 155-62. We note that the majority of the holdings in Kulch specifically address whether a Greeley claim based upon the public policy embodied in R.C. 4113.52 could be maintained. See id. at paragraphs two through five of the syllabus. Furthermore, the analysis of the jeopardy element in Kulch focuses almost entirely upon the Whistleblower Statute and does not specifically set forth a general framework for analyzing whether other statutes, like the FMLA, satisfy the jeopardy element. Nevertheless, the holdings and rationale in Kulch
provide some guidance in determining whether the jeopardy element has been satisfied in the case sub judice.
Relying heavily on Kulch, Mr. Wiles avers that because the FMLA does not provide the complete relief available under a Greeley cause of action, the jeopardy element is satisfied. We note that "[t]he Greeley
public-policy exception to the doctrine of employment at will was not intended to apply only where a statute provides no civil remedies." Id. at 155. In Kulch, the Ohio Supreme Court held, inter alia, that an employee may maintain a Greeley claim based upon the public policy embodied in R.C. 4113.52, the Whistleblower Statute, despite the fact that R.C. 4113.52 provided specific civil remedies to an aggrieved employee, because the civil remedies set forth in the statute were "not adequate to fully compensate an aggrieved employee who is discharged, disciplined, or otherwise retaliated against in violation of the statute." Id.
The remedies that Kulch found to be inadequate to provide full compensation are set forth in R.C. 4113.52(E):
 The court, in rendering a judgment for the employee in an action brought pursuant to division (D) of this section, may order, as it determines appropriate, reinstatement of the employee to the same position he held at the time of the disciplinary or retaliatory action and at the same site of employment or to a comparable position at that site, the payment of back wages, full reinstatement of fringe benefits and seniority rights, or any combination of these remedies. The court also may award the prevailing party all or a portion of the costs of litigation, and if the employee who brought the action prevails in the action, may award the prevailing employee reasonable attorney's fees, witness fees, and fees for experts who testify at trial, in an amount the court determines appropriate. If the court determines that an employer deliberately has violated division (B) of this section, the court, in making an award of back pay, may include interest * * *.
 In concluding that the employee in Kulch was not foreclosed from asserting a Greeley claim based upon the Whistleblower Statute for the reason that R.C. 4113.52
contains a specific remedy, the Ohio Supreme Court stated, in part:
 The remedies available pursuant to R.C. 4113.52 are not sufficient to provide the complete relief that would otherwise be available in a Greeley-based cause of action for the tort of wrongful discharge. The statute does not provide for certain compensatory damages and does not specifically authorize recovery of punitive damages. * * * Clearly, the relief available to a whistleblower under a statutory cause of action comes nowhere near the complete relief available in an action based upon the Greeley public-policy exception to the doctrine of employment at will. In our judgment, the relief available in an action for the tort of wrongful discharge merely complements the limited statutory relief available pursuant to R.C. 4113.52. Thus, we find that the mere existence of statutory remedies for violations of R.C. 4113.52 does not operate as a bar to alternative common-law remedies for wrongful discharge in violation of the public policy embodied in the Whistleblower Statute.
 Kulch, 78 Ohio St.3d at 157. Unlike the limited remedies available under the Whistleblower Statute, the FMLA provides extensive remedies to eligible employees who have been discharged in violation of the FMLA. See Section 2617(a), Title 29, U.S. Code. Specifically, the FMLA provides that in a civil action, an employee may recover "damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation [of the FMLA]." Section 2617(a)(1)(A)(i)(I), Title 29, U.S. Code. If no wages, salary, employment benefits, or other compensation have been lost, the employee may recover "any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks of wages or salary for the employee[.]" Section 2617(a)(1)(A)(i)(II), Title 29, U.S. Code. The employee is also entitled to interest on the amount described in Section 2617(a)(1)(A)(i), Title 29, U.S. Code, see Section 2617(a)(1)(A)(ii), Title 29, U.S. Code, and may obtain certain equitable relief such as "employment, reinstatement, and promotion," see Section 2617(a)(1)(B), Title 29, U.S. Code. The court also "shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." Section 2617(a)(3), Title 29, U.S. Code. In addition, the employee is entitled to liquidated damages in an amount "equal to the sum of the amount described in clause (i) and the interest described in clause (ii)," but the court may in its discretion reduce the amount of liquidated damages if the employer demonstrates that he acted in good faith and had reasonable ground for believing that his act or omission was not a violation of the FMLA. Section 2617(a)(1)(A)(iii), Title 29, U.S. Code.
Accordingly, we conclude that the extensive remedies available under the FMLA are adequate to fully compensate a qualifying employee who is discharged in violation of the FMLA, even though it does not provide all of the remedies available under a Greeley claim; therefore, the trial court did not err in dismissing Mr. Wiles' claim for wrongful discharge in violation of public policy based upon the FMLA. See Berge v. ColumbusCommunity Cable Access (1999), 136 Ohio App.3d 281, 307 (holding that plaintiff's "remedies under R.C. 4112.99 [which allows an employee to bring a civil action for damages, injunctive relief, or any other appropriate relief] are sufficient to provide the complete relief required by Kulch"). Mr. Wiles' second and third assignments of error are overruled.[2]
 B. First Assignment of Error The Trial Court committed reversible error when it dismissed the Appellant's case pursuant to Appellee's Motion for Summary Judgment finding there is no genuine issue of material fact for litigation. The Motion for Summary Judgment was not decided on the facts and the allegations of fact in the case below were not called into question by the Appellee on motion.
 In his first assignment of error, Mr. Wiles complains that the trial court improperly granted summary judgment in favor of Medina Auto Parts because Medina Auto Parts' motion for summary judgment was based solely on the pleadings, and thus, was essentially an untimely Civ.R. 12(B) motion to dismiss. We disagree, as we find that Medina Auto Parts properly moved for summary judgment, pursuant to Civ.R. 56.
Civ.R. 56(B) provides, in part, that "[a] party against whom a claim * * * is asserted * * * may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim[.]" The party moving for summary judgment need not support the motion for summary judgment "with any affirmative evidence,i.e., affidavits or similar materials produced by the movant." (Emphasis original.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. However, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim."Id. "To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C)[.]" Id. "The evidentiary materials listed in Civ.R. 56(C) include `the pleading[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any.'" Id. at 293, quoting Civ.R. 56(C). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." Dresher, 75 Ohio St.3d at 293. If the moving party has satisfied its initial burden, the nonmoving party must set forth specific facts demonstrating a genuine issue of material fact for trial; otherwise, summary judgment shall be entered in favor of the moving party. Id.; see Civ.R. 56(E).
In the instant matter, Medina Auto Parts only addressed the pleadings and applicable law in moving for summary judgment. Dresher commented upon a similar situation when it agreed, in part,[3] with this court's conclusion in Miller v. Summit Cty. Bd. of Edn. (Sept. 21, 1994), Summit App. No. 16493, unreported. The Ohio Supreme Court wrote:
 We read Miller as standing for the proposition that summary judgment may be rendered where the pleadings and the arguments of the party seeking summary judgment clearly establish that the nonmoving party has no legally cognizable cause of action. Thus, in Miller, the defendants were entitled to summary judgment merely by pointing out to the trial judge the applicable provision of the Ohio Administrative Code which, when read in conjunction with Miller's complaint, defeated Miller's claims. In other words, by pointing out the requirements of [the Ohio Administrative Code], and those portions of the plaintiff's pleadings that showed plaintiff was entitled to no relief, the defendants succeeded in demonstrating, by evidence permitted under Civ.R. 56(C) (the pleadings), that defendants were entitled to judgment as a matter of law.
 (Emphasis original.) Dresher, 75 Ohio St.3d at 297-98. The Ohio Supreme Court additionally noted in a footnote that "[w]here there are no evidentiary materials other than the pleadings, and the pleadings themselves demonstrate that the claimant has no cause of action, a motion may be made for judgment on the pleadings," pursuant to Civ.R. 12(C). (Emphasis added.) Dresher, 75 Ohio St.3d at 298, fn. 9. The court, however, did not state that a motion for judgment on the pleadings was the more appropriate or exclusive procedure in raising such an argument. See id.
Accordingly, we find that, contrary to Mr. Wiles' assertion, Medina Auto Parts did, in fact, point to evidentiary materials of the type listed in Civ.R. 56(C), namely the pleadings. As previously mentioned, Medina Auto Parts did not need to support its motion for summary judgment "with any affirmative evidence, i.e., affidavits or similar materialsproduced by the movant." (Emphasis original.) Dresher,75 Ohio St.3d at 292. Here, Medina Auto Parts directed the trial court's attention to the complaint and showed that the complaint coupled with certain case law demonstrated that Medina Auto Parts was entitled to judgment as a matter of law. Hence, we cannot find that the trial court erred in considering Medina Auto Parts' motion for summary judgment on the grounds that it was an untimely motion to dismiss pursuant to Civ.R. 12(B)(6).[4] Mr. Wiles' first assignment of error is overruled.
 III.
Mr. Wiles' assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ WILLIAM G. BATCHELDER
SLABY, J., WHITMORE, J. CONCUR.
[1] Additionally, Kulch suggests that an employee must strictly comply with the enforcement requirements of a statute if that statute is to serve as the basis of a Greeley claim. Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, paragraph three of the syllabus, 154 (finding that the plaintiff had no foundation for a Greeley claim based on the public policy embodied in R.C. 4113.52(A)(1)(a), the Whistleblower Statute, because the employee did not strictly comply with the requirements of that statute in reporting his employer to OSHA). In his complaint, Mr. Wiles claims to have "complied with all FMLA rights enforcement requirements."
[2] Additionally, Mr. Wiles asserts that the trial court erred in relying on Vargo-Adams v. United States Postal Serv. (N.D.Ohio. 1998),992 F. Supp. 939 and Gall v. Quaker City Castings, Inc. (N.D.Ohio. 1995), 874 F. Supp. 161 in reaching its decision. Mr. Wiles correctly points out that neither Gall nor Vargo-Adams is binding precedent on either the trial court or this court. Furthermore, Gall was decided before the Ohio Supreme Court's pronouncements in Kulch. See Gall,874 F. Supp. at 163. Similarly, Vargo-Adams, although decided after Kulch, based its decision on Gall and did not discuss Kulch as it relates to whether statutory remedies preclude a wrongful discharge claim. SeeVargo-Adams, 992 F. Supp. at 994. Therefore, we do not find these cases persuasive.
[3] The Ohio Supreme Court took "issue with the statement in Miller
that `* * * a party who moves for summary judgment need not support its motion with affidavits, provided that the party does not bear the burden of proof on the issues contained in the motion.'" (Emphasis in Dresher.)Dresher v. Burt (1996), 75 Ohio St.3d 280, 298. This portion of Miller
with which the Ohio Supreme Court did not agree does not affect our analysis in the case sub judice.
[4] Mr. Wiles additionally argues that Medina Auto Parts waived the defense of failure to state a claim upon which relief can be granted when it failed to file a motion to dismiss before filing its answer to the complaint. He, therefore, argues that Medina Auto Parts is forever foreclosed from asserting that Mr. Wiles has failed to state a cognizable cause of action and that the matter should be remanded for trial. Civ.R. 12(H)(2), however, permits "[a] defense of failure to state a claim upon which relief can be granted * * * [to] be made in any pleading permitted or ordered under Rule 7(A), or by motion for judgment on the pleadings, or at the trial on the merits." Here, Medina Auto Parts appropriately raised the Civ.R. 12(B)(6) defense in its answer to Mr. Wiles' complaint. Furthermore, this argument assumes that Medina Auto Parts' motion for summary judgment was improper and that it should have raised this argument in a motion for judgment on the pleadings pursuant to Civ.R. 12(C). As previously discussed, while Medina Auto Parts could have moved for judgment on the pleadings, it properly moved for summary judgment on the claim.