OPINION
{¶ 1} Defendant-appellant Jomo K. Taylor appeals from his conviction and sentence, following a guilty plea, on one count of Trafficking in Cocaine, a fourth-degree felony, one count of Possession of Cocaine, a fifth-degree felony, and one count of Attempted Possession of Crack Cocaine, a felony of the second degree. Taylor contends that his plea to Attempted Possession of Crack Cocaine was not knowing and intelligent, because the trial court informed him that he would be eligible for judicial release, but a sentence to a mandatory prison term is required. Taylor contends that the trial court failed to make findings required by the Ohio sentencing statutes. Finally, Taylor contends that the trial court impermissibly participated in plea negotiations by telling him that he would be convicted and sentenced to a maximum term if he declined to plead guilty.
 {¶ 2} We agree with the State that the offense of Attempted Possession of Crack Cocaine, a second-degree felony, to which Taylor pled guilty does not carry a mandatory prison term, so that the trial court correctly advised Taylor that he would be eligible for judicial release. We conclude that the trial court was not required by the statute to make any particular findings in order to impose the sentences that the trial court imposed, which were neither maximum nor consecutive. Finally, we conclude that the record does not bear out Taylor's contention that the trial court told him he would be convicted and sentenced to a maximum term if he declined to plead guilty. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} Taylor was charged, in three different cases, with one count of Trafficking in Cocaine, a felony of the fourth degree, two counts of Possession of Cocaine, a felony of the fifth degree, and one count of Attempted Possession of Crack Cocaine, a felony of the second degree. In a plea bargain, Taylor pled guilty to all but one count of Possession of Cocaine, which was dismissed.
 {¶ 4} At a subsequent sentencing hearing, Taylor was sentenced to five years on the count of Attempted Possession of Crack Cocaine, seventeen months on the count of Trafficking in Cocaine, and eleven months on the count of Possession of Cocaine, all sentences to be served concurrently, for a total of five years. He was also subject to fines and driver's license suspensions.
 {¶ 5} From his conviction and sentence, Taylor appeals.
 II {¶ 6} Taylor's First Assignment of Error is as follows:
 {¶ 7} "THE APPELLANT'S PLEA WAS NOT A VOLUNTARY AND KNOWING PLEA IN VIOLATION OF THE APPELLANT'S DUE PROCESS RIGHTS UNDER THEFIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND UNDER ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION."
 {¶ 8} Taylor predicates this assignment of error solely upon the fact that the trial court informed him that he would be eligible for judicial release on all of the counts to which he pled guilty and was sentenced. On the count of Attempted Possession of Crack Cocaine, Taylor argues that he was subject to a mandatory prison term, making the trial court's statement to him that he would be eligible for judicial release incorrect and misleading.
 {¶ 9} Taylor contends that he was subject to a mandatory prison term because the offense that he attempted to commit, if it had been successfully completed — Possession of Crack Cocaine in an amount exceeding 25 grams but not more than 100 grams — is subject to a mandatory prison term. The State argues that because Taylor was not convicted of Possession of Crack Cocaine, a first-degree felony subject to a mandatory prison term, but was instead convicted of Attempted Possession of Crack Cocaine, a second-degree felony subject to a different array of possible prison terms, he was, in fact, not subject to a mandatory prison term, but eligible for judicial release. Therefore, the State's argument continues, the trial court's statement to Taylor at the time of his plea was correct, and not misleading.
 {¶ 10} We answered this precise question in State v.McDougald (October 20, 2000), Montgomery App. No. 17979. In that case, we held that the offense of attempting to commit a drug offense, while constituting a felony one degree lower than the drug offense attempted, is a separate offense under the law, and is not subject to the mandatory prison term requirement imposed for the completed drug offense.
 {¶ 11} In his reply brief, Taylor argues that State v.McDougald, supra, is not correctly decided, and we should not follow it. We are not persuaded. We see no reason to depart from the holding of State v. McDougald, supra, which we approve and follow.
 {¶ 12} In his reply brief, Taylor also argues that State v.McDougald is in conflict with two decisions of the Sixth Appellate District: State v. Pringle (June 30, 1999), Lucas App. No. L-98-1275, and State v. Johnson (March 5, 1999), Lucas App. No. L-98-1144. If Taylor wishes to move to certify our judgment in this case as being in conflict with a judgment or judgments of another court of appeals, he may file a motion pursuant to App. R. 25, in which event the State would have an opportunity to respond.
 {¶ 13} Taylor's First Assignment of Error is overruled.
 III {¶ 14} Taylor's Second Assignment of Error is as follows:
 {¶ 15} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FAILING TO MAKE STATUTORY FINDINGS UNDER SENATE BILL 2 PROVISIONS IN INSTANT CASES 04 CR 00070, AND 04 CR 00449."
 {¶ 16} The offenses to which this assignment of error relates are the fourth- and fifth-degree felony offenses.
 {¶ 17} Taylor argues that the trial court was required to make findings relating to the purposes of felony sentencing set forth in R.C. 2929.11(A) and (B).
 {¶ 18} The State points out that the record reflects that Taylor committed these offenses while he was under post-release control relating to a prior conviction, so that the trial court was not required to impose community control sanctions instead of a prison term. R.C. 2929.13(B)(2)(b), and 2929.13(B)(1)(h). As the State notes, there is a duty to impose a prison term when all of the factors set forth in R.C. 2929.13(B)(1)(a) through (h) are present, but when at least one, but not all, of those factors are present, the trial court is vested with discretion to determine whether to impose a prison term or to impose community control sanctions. Taylor comes within this zone of discretion.
 {¶ 19} In exercising sentencing discretion, a trial court is required to consider the statutory factors. However, no specific language or specific findings are required. State v. Arnett
(2000), 88 Ohio St.3d 208, 215, 724 N.E.2d 793.
 {¶ 20} In the case before us, the trial court referred to the fact that Taylor was "released from sentence on approximately July 7th of '03 and then these offenses occurred in October of '03." In exercising its discretion, the trial court was appropriately mindful of the rapidity with which Taylor re-offended, upon his release from incarceration, and also the fact that post-release control was obviously insufficient to prevent Taylor's recidivism. We are satisfied that the trial court properly considered the statutory factors; there is nothing in this record to overcome the presumption of regularity in the trial court's proceedings.
 {¶ 21} Taylor's Second Assignment of Error is overruled.
 IV {¶ 22} Taylor's Third Assignment of Error is as follows:
 {¶ 23} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY IMPERMISSIBLY PARTICIPATING IN THE RULE 11 PLEA AGREEMENT."
 {¶ 24} Although this assignment of error is stated broadly, Taylor's argument is limited to his contention that the trial court told him "that it would find him guilty and sentence him to maximum and consecutive terms of confinement should he in fact exercise his constitutional rights to jury trial." We have watched the videotape transcript of the plea hearing, and there is nothing in the record to support this contention. What Taylor may be referring to are the trial court's having informed him that upon his plea of guilty he would be found guilty, and that he could be sentenced to up to 10½ years of imprisonment, if maximum, consecutive sentences were imposed.
 {¶ 25} There is nothing in the record to suggest that the trial court ever speculated with Taylor on his chances of being convicted if he should not plead guilty, but go to trial, and there is nothing in the record to indicate what the trial court would likely decide with respect to the sentence if he should be found guilty. The trial court's reference to the maximum possible sentence was clearly expressed in the context of informing Taylor of the worst-case sentencing scenario arising from his guilty plea, which the trial court was required to do by Crim. R. 11(C). Nor is there anything in the record to suggest that Taylor misunderstood what the trial court was telling him.
 {¶ 26} The record does not portray the error assigned. Taylor's Third Assignment of Error is overruled.
 V {¶ 27} All of Taylor's assignments of error having been overruled, the judgment of the trial court is Affirmed.
Brogan, and Donovan, JJ., concur.