THE STATE OF OHIO, APPELLEE, *v.* TAYLOR, APPELLANT.

[Cite as *State v. Taylor,* 113 Ohio St.3d 297, 2007-Ohio-1950.]

(No. 2006–0568—Submitted January 10, 2007—Decided May 9, 2007.)

MOYER, C.J.

{¶ 1} In this appeal, we are asked to answer the following question, certified to this court as a conflict by the Second Appellate District: "Whether a conviction for an attempted drug offense that would have been, if successfully completed, a first-degree felony, but which becomes a second-degree felony by virtue of the fact that it is merely an attempt to commit an offense, is subject to the mandatory prison term provisions in R.C. 2925.11."

{¶ 2} Defendant-appellant, Jomo K. Taylor, was indicted on two counts of drug-related felonies. Taylor entered a plea agreement with the state, wherein he pleaded guilty to trafficking in cocaine, a felony of the fourth degree, one count of possession of cocaine, a felony of the fifth degree, and attempted possession of crack cocaine in an amount greater than 25 grams but less than 100 grams, a felony of the second degree. Subsequently, Taylor was sentenced to five years' incarceration: five years on the second-degree felony, 17 months on the fourth-degree felony, and 11 months on the fifth-degree felony, all to be served concurrently.

{¶ 3} Taylor appealed his conviction and sentence, arguing, inter alia, that his guilty plea was not voluntarily and knowingly made, because the trial court had informed him he would be eligible for judicial release when in actuality he was subject to a mandatory prison term. The court of appeals disagreed with Taylor and reaffirmed a previous holding that the offense of attempting to commit a drug offense, while constituting a felony one degree lower than the drug offense attempted, is a separate offense under the law and is not subject to the mandatory prison-term requirement imposed for the completed drug offense. *State v. Taylor*, Montgomery App. Nos. 20649, 20654, and 20655, 2006-Ohio-313, 2006 WL 202420, ¶ 10, citing *State v. McDougald* (Oct. 20, 2000), 2nd Dist. No. 17979, 2000 WL 1546905. Recognizing that its decision was in conflict with the

decision of the Sixth Appellate District in *State v. Pringle* (June 30, 1999), Lucas App. No. L–98–1275, 1999 WL 436484, the court of appeals certified the conflict.

{¶ 4} The state argues that Taylor was properly convicted and sentenced under R.C. 2923.02, the attempt statute, and that the trial court thus properly accepted Taylor's plea without informing him of the mandatory sentencing requirements applicable only to drug offenses. Taylor argues that an attempted drug offense is actually charged and sentenced under R.C. 2925.11, a drug-offense statute, and is therefore subject to a mandatory sentence, in conflict with the advice he received from the trial court during his plea colloquy.

{¶ 5} We turn first to R.C. 2923.02, the attempt statute, which states:

{¶ 6} "(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense.

{¶ 7} " * * *

{¶ 8} "(E)(1) Whoever violates this section is guilty of an attempt to commit an offense. * * *An attempt to commit a drug abuse offense for which the penalty is determined by the amount or number of unit doses of the controlled substance involved in the drug abuse offense is *an offense of the same degree as the drug abuse offense attempted would be if that drug abuse offense had been committed and had involved an amount or number of unit doses of the controlled substance that is within the next lower range of controlled substance amounts than was involved in the attempt.* An attempt to commit any other offense is an offense of the next lesser degree than the offense attempted." (Emphasis added.)

{¶ 9} If Taylor had successfully completed the attempted crime for which he pleaded guilty he would have been sentenced pursuant to R.C. 2925.11(C)(4)(e) to a mandatory prison term for a first-degree felony: "If the amount of the drug involved * * * equals or *exceeds twenty-five grams but is less than one hundred grams of crack cocaine,* possession of cocaine is a felony of the first degree, and the *court shall impose as a mandatory prison term one of the prison terms prescribed for* a felony of the first degree." (Emphasis added.)

{¶ 10} However, because Taylor pleaded guilty to attempting to commit a crime, he was sentenced under the next lower range of controlled-substance amounts: "If the amount of the drug involved * * * equals or exceeds ten grams but is less than twenty-five grams of crack cocaine, possession of cocaine is a *felony of the second degree,* and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree." R.C. 2925.11(C)(4)(d). Because the attempt statute states that an attempt to commit the crime is deemed to be an "offense of the same degree" as the crime would be if completed, but does not state that the penalty is the same, R.C. 2923.02(E)(1),

the state argues that Taylor was properly convicted of and sentenced for a second-degree felony, that his sentence was not mandatory, and that therefore he is in fact eligible for judicial release. See R.C. 2929.20(A) and (B).

{¶ 11} Taylor counters that he pleaded guilty and was sentenced under R.C. 2925.11(A), the drug-offense statute. R.C. 2925.01(G)(4) defines a "drug-abuse offense" as including "[a] conspiracy to commit, attempt to commit, or complicity in committing or attempting to commit any offense under division (G)(1), (2), or (3) of this section." Among those offenses are attempts to violate R.C. 2925.11. Taylor argues that because an attempted drug offense is included in the definition of drug offenses, the sentencing determination should be based on the drug-offenses portion of the criminal code rather than the attempt portion of the criminal code. Taylor focuses on the language in R.C. 2925.11(C)(4)(d) requiring a "mandatory prison term," which would exclude him from judicial release.

{¶ 12} "It is a well settled rule of statutory construction that where a statute couched in general terms conflicts with a specific statute on the same subject, the latter must control." *Humphrys v. Winous Co.* (1956), 165 Ohio St. 45, 48, 59 O.O. 65, 133 N.E.2d 780; see also *Bellian v. Bicron Corp.* (1994), 69 Ohio St.3d 517, 519, 634 N.E.2d 608.

{¶ 13} R.C. 2923.02, the attempt statute, is the general statute. It describes the elements of an attempt to commit a crime—any crime—and generally describes how an attempt is to be punished in comparison to a completed crime of the same import.

{¶ 14} R.C. 2925.11 is a specific drug-offense statute. It describes the elements of a drug-possession offense and, unlike most statutes in the criminal code, prescribes specific punishments, including mandatory sentences, for subcategories of crimes depending on the type and amount of illegal substance upon which a criminal charge could be made. Thus, R.C. 2925.11 is a specific statute that controls over the general statute, and Taylor was subject to the more specific mandatory-sentencing requirements of R.C. 2925.11.

{¶ 15} As Taylor observes, if an attempt to possess drugs is not punished as a drug-abuse offense, an individual convicted of actually possessing five grams of crack cocaine would face mandatory prison for a third-degree felony, while an individual convicted of attempting to possess 99 grams of crack cocaine would not face mandatory prison for a second-degree felony. We find no words in R.C. 2925.11 or 2923.02 to convince us that the General Assembly intended such a construction of the statutes.

{¶ 16} We agree with both the Sixth and Eighth District Courts of Appeals that an attempted possession of drugs is not a separate and distinct crime from possession of drugs, but rather is incorporated into the possession offense. Thus, Taylor was still subject to the mandatory-sentencing provisions of R.C. 2925.11.

See *Pringle*; *State v. Hall* (June 29, 2000), Cuyahoga App. No. 76374, 2000 WL 868478.

{¶ 17} We answer the certified question as follows: an attempted possession of illegal drugs is a drug-abuse offense, and an individual convicted of an attempted drug-abuse offense is subject to the mandatory sentencing provisions of R.C. 2925.11. The judgment of the court of appeals is reversed, and this cause is remanded to the trial court for further proceedings.

Judgment reversed.

PFEIFER, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

LUNDBERG STRATTON, J., dissents.

---

**LUNDBERG STRATTON, J., dissenting.**

{¶ 18} Because I believe that the majority's interpretation of the statutes at issue ignores the intent of the General Assembly, I dissent.

{¶ 19} R.C. 2923.02(A) defines "attempt" as "purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, [engaging] in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(E)(1), formerly (E), provides, "Whoever violates this section is guilty of an attempt to commit an offense. * * * *An attempt to commit a drug abuse offense* for which the penalty is determined by the amount or number of unit doses of the controlled substance involved in the drug abuse offense *is an offense of the same degree as the drug abuse offense attempted would be if that drug abuse offense had been committed and had involved an amount or number of unit doses of the controlled substance that is within the next lower range of controlled substance amounts than was involved in the attempt.* An attempt to commit any other offense is an offense of the next lesser degree than the offense attempted." (Emphasis added.)

{¶ 20} The underlying charge in this case was possession of drugs, a violation of R.C. 2925.11(A), which provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.11(C)(4)(e) states that "[i]f the amount of the drug involved * * * equals or exceeds twenty-five grams but is less than one hundred grams of crack cocaine, possession of cocaine is a felony of the first degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree."

{¶ 21} Thus, a person convicted of possession of drugs under R.C. 2925.11(C)(4)(e) is subject to a mandatory prison term as set forth in the statute. But R.C. 2923.02, the attempt statute, does not set forth penalties to be imposed for an attempt to commit a crime. Rather, with the exception of certain

attempted rapes, R.C. 2923.02 sets forth only the degree of felony assigned to an attempt crime. See R.C. 2923.02(E)(1). An attempt to commit a drug offense whose penalty depends on the amount involved "is an offense *of the same degree* as the drug abuse offense attempted would be if that drug abuse offense had been committed and had involved an amount or number of unit doses of the controlled substance that is *within the next lower range* of controlled substance amounts * * *." (Emphasis added.) R.C. 2923.02(E) (now (E)(1)).

{¶ 22} The majority holds that an attempted possession of illegal drugs is a drug-abuse offense, and an individual convicted of an attempted drug-abuse offense is subject to the mandatory sentencing provisions of R.C. 2925.11. I disagree. The attempt statute does not imply that an attempted (but failed) first-degree felony *becomes* a completed second-degree felony. Rather, the attempt statute acknowledges that an attempted crime is less serious than a completed crime and provides that the level of degree for an attempt will be the degree assigned to a completed offense involving the next lower amount of the same drug. Thus, I believe that the attempt statute equates the degrees of felony but not the offenses themselves.

{¶ 23} Defendant was convicted of attempted possession of 25 to 100 grams of crack cocaine. The next lower range of possession of drugs is found in R.C. 2925.11(C)(4)(d), which states that "[i]f the amount of drug involved * * * equals or exceeds ten grams but is less than twenty-five grams of crack cocaine, possession of cocaine is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree." Thus, defendant's conviction was a second-degree felony, but remained an attempted offense, not a completed offense.

{¶ 24} The majority's interpretation ignores the intent of the General Assembly. The 1973 Legislative Service Commission Comment to R.C. 2923.02 reflects the view that an attempt is a separate offense. "This section is a general attempt statute which consolidates several specific attempt provisions in former law, and, with three exceptions, establishes an attempt to commit any offense as an offense in itself." Thus, I believe that R.C. 2923.02 reduced defendant's offense in this case from a first-degree felony to a second-degree felony and the general penalty provisions of R.C. 2929.14 are appropriate.

{¶ 25} This case is unusual in that we have a prosecutor arguing for an interpretation that would make the defendant eligible for judicial release, and we have a defendant arguing that he is subject to mandatory sentencing. This oddity exists because if the defendant is subject to mandatory sentencing, he can argue that his plea should be vacated because he was not informed of that fact at his plea hearing. But in pursuing his personal goal of having his sentence voided,

the defendant is, in effect, removing the opportunity for all similarly situated criminal defendants to obtain judicial release.

{¶ 26} With prisons already overcrowded and numbers ever-increasing, the majority has just tied the hands of judges by reading the statutes to require mandatory sentencing for an attempted drug offense when a community correctional sentencing alternative would be both more effective and more economical. Because I do not believe that this was the intent of the General Assembly, I would invite that body to revisit this issue and clarify the sentencing provisions of the attempt statutes.

{¶ 27} Accordingly, I respectfully dissent and would affirm the judgment of the court of appeals.

_____

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Johnna M. Shia, Assistant Prosecuting Attorney, for appellee.

Keating, Muething & Klekamp, P.L.L., and Charles M. Miller, for appellant.