[Cite as *State v. Sturgis*, 2016-Ohio-3388.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### MERCER COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

JOHN T. STURGIS,

    DEFENDANT-APPELLANT.

CASE NO. 10-15-17

**J U D G M E N T**
**E N T R Y**

Appeal from Mercer County Common Pleas Court
Criminal Division
Trial Court No. 15-CRM-081

**Judgment Affirmed**

**Date of Decision:  June 13, 2016**

**APPEARANCES:**

    *Bryan Scott Hicks* **for Appellant**

    *Matthew K. Fox* **and** *Joshua A. Muhlenkamp* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant, John T. Sturgis ("Sturgis"), brings this appeal from the judgment of the Common Pleas Court of Mercer County, Ohio, which imposed his sentence upon finding him guilty of attempted illegal manufacture of drugs and illegal assembly or possession of chemicals for the manufacture of drugs. For the reasons that follow, we affirm the trial court's judgment.

### *Procedural Background*

{¶2} On May 21, 2015, the Mercer County Prosecuting Attorney filed a three-count indictment against Sturgis. Count one of the indictment charged Sturgis with illegal manufacture of drugs, a felony of the second degree in violation of R.C. 2925.04(A), (C)(3)(a). Count two charged Sturgis with aggravated possession of drugs, a felony of the fifth degree in violation of R.C. 2925.11(A), (C)(1)(a). Count three charged him with illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the third degree in violation of R.C. 2925.041(A), (C). (R. at 1.) Sturgis initially pled not guilty. (R. at 17.)

{¶3} On September 11, 2015, Sturgis entered a plea of guilty to an amended count one: attempted illegal manufacture of drugs, a felony of the third degree, in violation of R.C. 2923.02 and R.C. 2925.04(A), (C)(3)(a); and to count three: illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the third degree in violation of R.C. 2925.041(A), (C). Count two was

dismissed. (R. at 33; Tr. of Proceedings, Sept. 11, 2015.) The plea agreement indicated that count one carried a mandatory prison term and that the State would not make any recommendations with respect to sentencing. (R. at 33.) Additionally, at the change of plea hearing, the trial court advised Sturgis that count one carried a mandatory sentence that was between nine and thirty-six months. (Tr. of Proceedings at 10-11, Sept. 11, 2015.) The trial court ordered a presentence investigation report and continued the matter for sentencing. (*Id.* at 15.)

{¶4} At the sentencing hearing, Sturgis raised an objection to the mandatory nature of his sentence for attempted illegal manufacture of drugs. (Tr. of Proceedings at 5, Oct. 20, 2015.) The trial court noted that the mandatory nature of the plea was consistent with the plea agreement entered by Sturgis and approved by the trial court. (*Id.* at 9, 12.) It further noted that the mandatory sentence was consistent with the statutory sections on attempt, R.C. 2923.02. (*Id.* at 10.) The trial court explained that "the reduction in the amount of time does not change the specificity of that sentence that the Court could impose." (*Id.* at 10-11.) It thus sentenced Sturgis to a mandatory sentence of twenty-four months in prison on the amended count one: attempted illegal manufacture of drugs, a felony of the third degree. (*Id.* at 11-12; R. at 55.) It also sentenced Sturgis to a definite period of twenty-four months in prison on count three: illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the third degree.

(*Id.*) The trial court ordered the sentences to run consecutively. (*Id.*) In the nunc pr tunc judgment entry issued on November 9, 2015, the trial court indicated that "Defense counsel objected to the court's ruling." (R. at 55.)

{¶5} Sturgis filed this timely appeal in which he challenges his sentence for count one by raising the following assignment of error.

### Assignment of Error

THE TRIAL COURT ERRED IN FINDING A MANDATORY SENTENCE.

### Standard of Review

{¶6} A trial court has discretion to impose a prison sentence that is within the statutory range. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37; *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9. But in exercising that discretion, the trial court must "carefully consider" the statutory sentencing guidelines set forth in R.C. 2929.11 and R.C. 2929.12, as well as the "statutes that are specific to the case itself." *Matthis* at ¶ 38. We will reverse the sentence only if we determine "by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶1 (March 15, 2016).

### Analysis

{¶7} Sturgis alleges that his sentence was contrary to law because the trial court improperly applied the statute for a completed offense of illegal manufacture

of drugs, R.C. 2925.04, instead of the attempt statute, R.C. 2923.02. The State responds, arguing that the sanctions prescribed by R.C. 2925.04 are more specific than the general provisions of R.C. 2923.02 and therefore, the more specific statute controls, making the sentence supported by law. Both parties rely on the same case from the Ohio Supreme Court, *State v. Taylor*, 113 Ohio St.3d 297, 2007-Ohio-1950, 865 N.E.2d 37 (2007).

**{¶8}** In *Taylor*, the defendant pled guilty to "attempted possession of crack cocaine in an amount greater than 25 grams but less than 100 grams, a felony of the second degree." *Id.* at ¶ 2. The defendant was sentenced under the attempt statute, which states

> (A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense.
>
> * * *
>
> (E)(1) Whoever violates this section is guilty of an attempt to commit an offense. * * * An attempt to commit a drug abuse offense for which the penalty is determined by the amount or number of unit doses of the controlled substance involved in the drug abuse offense is an offense of the same degree as the drug abuse offense attempted would be if that drug abuse offense had been committed and had involved an amount or number of unit doses of the controlled substance that is within the next lower range of controlled substance amounts than was involved in the attempt. An attempt to commit any other offense is an offense of the next lesser degree than the offense attempted.

R.C. 2923.02; *Taylor* at ¶ 5-8, quoting R.C. 2923.02.

{¶9} The parties disagreed over which statute should determine penalties for the attempted offense: the attempt statute, R.C. 2923.02, or the drug possession statute, R.C. 2925.11. *See Taylor* at ¶ 4, 10. Analyzing the issue, the Ohio Supreme Court reasoned,

> "It is a well settled rule of statutory construction that where a statute couched in general terms conflicts with a specific statute on the same subject, the latter must control." *Humphrys v. Winous Co.* (1956), 165 Ohio St. 45, 48, 59 O.O. 65, 133 N.E.2d 780; see also *Bellian v. Bicron Corp.* (1994), 69 Ohio St.3d 517, 519, 634 N.E.2d 608.
>
> R.C. 2923.02, the attempt statute, is the general statute. It describes the elements of an attempt to commit a crime—any crime—and generally describes how an attempt is to be punished in comparison to a completed crime of the same import.
>
> R.C. 2925.11 is a specific drug-offense statute. It describes the elements of a drug-possession offense and, unlike most statutes in the criminal code, prescribes specific punishments, including mandatory sentences, for subcategories of crimes depending on the type and amount of illegal substance upon which a criminal charge could be made. Thus, R.C. 2925.11 is a specific statute that controls over the general statute, and Taylor was subject to the more specific mandatory-sentencing requirements of R.C. 2925.11.

*Id.* at ¶ 12-14.

{¶10} Applying the same reasoning to the case at issue, we observe that R.C. 2925.04, the statute under which Sturgis pled and was found guilty of attempted illegal manufacture of drugs, is also "a specific drug-offense statute" and "unlike most statutes in the criminal code, prescribes specific punishments, including mandatory sentences, for subcategories of crimes." *Id.* at ¶ 14. It states that

(A) No person shall knowingly cultivate marihuana or knowingly manufacture or otherwise engage in any part of the production of a controlled substance.

* * *

(C)(1) Whoever commits a violation of division (A) of this section that involves any drug other than marihuana is guilty of illegal manufacture of drugs, and whoever commits a violation of division (A) of this section that involves marihuana is guilty of illegal cultivation of marihuana.

* * *

(3) If the drug involved in the violation of division (A) of this section is methamphetamine, the penalty for the violation shall be determined as follows:

(a) Except as otherwise provided in division (C)(3)(b) of this section, if the drug involved in the violation is methamphetamine, illegal manufacture of drugs is a felony of the second degree, and, subject to division (E) of this section, the court shall impose a *mandatory* prison term on the offender determined in accordance with this division. Except as otherwise provided in this division, the court shall impose as a *mandatory* prison term one of the prison terms prescribed for a felony of the second degree that is not less than three years.

(Emphasis added.) R.C. 2925.04. Although the penalties in R.C. 2925.04 do not depend on the amount of illegal substance, they do depend "on the type" of drug, like the penalties in the statute at issue in *Taylor*, 113 Ohio St.3d 297, 2007-Ohio-1950, 865 N.E.2d 37, at ¶ 14. Therefore, as a specific statute, R.C. 2925.04 controls over the general statute, R.C. 2923.02. As a result, the "specific mandatory-sentencing requirements" of R.C. 2925.04 apply. *Id.*

**{¶11}** In further support of this reasoning, the Ohio Supreme Court recognized that an attempted drug abuse offense "is not a separate and distinct crime," but is incorporated into the drug abuse offense, and therefore, while the defendant will benefit from a reduced prison term, he or she will still be subject to the mandatory sentencing provisions of the drug-abuse statute. *Id.* at ¶ 16-17, citing *State v. Hall*, 8th Dist. Cuyahoga No. 76374, 2000 WL 868478, *5 (June 29, 2000) (recognizing that the attempt statute "was incorporated into" the offense statute by the plea agreement and that "[t]here was never any agreement to amend the indictment to delete R.C. 2925.11 so that the penalties provided for violations of that section would not apply"); *see also Kempf v. Scott*, 10th Dist. Franklin No. 12AP-937, 2013-Ohio-1153, ¶ 6-7 (holding that "[o]n its face, a violation of an offense under R.C. Chapter 2923 is not an offense under R.C. Chapter 2925," but the Ohio Supreme Court's reasoning in *Taylor* "indicates that we must interpret attempted trafficking in drugs as a drug offense under R.C. Chapter 2925"); R.C. 2925.01(G)(4) (defining a "drug abuse offense" as one that includes an attempt to commit a violation of R.C. 2925.04).

**{¶12}** In conclusion, we hold that the trial court properly determined that under the general attempt statute, it was required to lower the degree of the offense to a felony of the third degree. *See* R.C. 2923.04(E)(1). But because the general attempt statute does not prescribe *specific* penalties for the offense of illegal

manufacturing of drugs,[1] the trial court properly used the more-specific illegal manufacture statute to impose a mandatory prison term. Therefore, we hold that the mandatory sentence is not contrary to law and we overrule the assignment of error.

### *Conclusion*

**{¶13}** Having reviewed the arguments, the briefs, and the record in this case, we find no error prejudicial to Appellant in the particulars assigned and argued. The judgment of the Common Pleas Court of Mercer County, Ohio is therefore affirmed.

*Judgment Affirmed*

**SHAW, P.J. and PRESTON, J., concur.**

**/hls**

---

[1] We observe that the attempt statute does prescribe specific penalties for some categories of crimes. *See* R.C. 2923.02(E)(1) (prescribing a specific penalty for "an attempt to commit a violation of any provision of Chapter 3734. of the Revised Code, other than section 3734.18 of the Revised Code, that relates to hazardous wastes"); (E)(2) (prescribing a specific penalty for "attempted rape" with "a specification of the type described in section 2941.1418, 2941.1419, or 2941.1420 of the Revised Code"); *see also* R.C. 2923.04(E)(3) (prescribing specific additional penalty for "an attempt to commit aggravated murder or murder in violation of division (A) of this section").